A. LUGAR FINLAY, Respondent, *v.* DOROTHEA B. FINLAY, Appellant.

**Jurisdiction — husband and wife — infants — jurisdiction of State to regulate custody of infants within its territory — husband may not maintain action against wife for custody simpliciter of their children — remedy by habeas corpus or petition to equitable jurisdiction of court — Supreme Court without jurisdiction of action which does not invoke exercise of its equitable jurisdiction as parens patriæ.**

1. The jurisdiction of a State to regulate the custody of infants found within its territory does not depend upon the domicile of the parents. It has its origin in the protection that is due to the incompetent or helpless. For this, the residence of the child suffices though the domicile be elsewhere. But the limits of the jurisdiction are suggested by its origin, the residence of the child may not be used as a pretense for the adjudication of the status of parents whose domicile is elsewhere, nor for the definition of parental rights dependent upon status.

2. A husband, resident of a foreign State, may not maintain an action against his wife in this State for custody *simpliciter* of their minor children. Except when adjudged as an incident to a suit for divorce or separation, the custody of children is to be regulated as it has always been in one or other of two ways — by writ of habeas corpus or by petition to the chancellor. Assuming, but not deciding, that the writ is denied to plaintiff by section 70 of the Domestic Relations Law, there remains his remedy by petition to the court that has succeeded to the chancellor's prerogative. The remedy is not by action.

*Finlay* v. *Finlay*, 212 App. Div. 786, reversed.

(Argued June 1, 1925; decided July 15, 1925.)

APPEAL, by permission, from an order of the Appellate Division of the Supreme Court in the second judicial department, entered March 13, 1925, which reversed an order of Special Term granting a motion for judgment on the pleadings and denied said motion.

The following question was certified: " Does the complaint state a cause of action of which the Supreme Court has jurisdiction? "

*Louis J. Wolff* and *Harding Cowan* for appellant. A contest between husband and wife for the custody of children must be determined in a matrimonial action or by habeas corpus under section 70 of the Domestic Relations Law. The complaint is insufficient on its face under the statutes applicable to such actions or proceedings. (*Matter of Hubbard,* 82 N. Y. 90; *People ex rel. Baker* v. *Baker,* 189 App. Div. 890; *Matter of Stewart,* 77 Misc. Rep. 524; *People ex rel. La Forte* v. *Rubin,* 98 N. Y. Supp. 787; *Matter of Colebrook,* 26 Misc. Rep. 139; *Davis* v. *Davis,* 75 N. Y. 221; *Ramsden* v. *Ramsden,* 91 N. Y. 281; *Chamberlain* v. *Chamberlain,* 193 App. Div. 784; 194 App. Div. 470; *Haas* v. *Haas,* 197 App. Div. 619; *Lesser* v. *Lesser,* 114 Misc. Rep. 701; *People ex rel. Jones* v. *Johnson,* 205 App. Div. 190; *Johnson* v. *Johnson,* 206 N. Y. 561; *Allers* v. *Allers,* 236 N. Y. 54.)

*Theodore F. Van Dorn* for respondent. Section 70 of the Domestic Relations Law is not exclusive, or the only authority for the exercise of the power of the court over the custody and possession of minor children. (*Matter of Stewart,* 77 Misc. Rep. 524; *Matter of Knowack,* 158 N. Y. 482; *Wilcox* v. *Wilcox,* 14 N. Y. 575; *Matter of Tierney,* 128 App. Div. 836; *People ex rel. Barry* v. *Mercin,* 8 Paige, 47; *People ex rel. Keator* v. *Moss,* 6 App. Div. 416.)

CARDOZO, J. The case is here upon defendant's motion for judgment on the pleadings.

Plaintiff, a resident of St. Louis, Missouri, brings this action against his wife, who is living in New York, for judgment regulating the custody of their infant children.

Husband and wife formerly had their home together in Westchester county, New York. In the early part of 1923 the wife left the husband, taking the children with her, and since then has refused to live with him. Following this abandonment, the husband went to St. Louis,

where he still maintains his home. The children are with their mother in Westchester county, New York. She refuses to give them up. The husband does not wish a separation. He could not get one from the courts of New York in view of his non-residence (Civ. Prac. Act, § 1162). What he wishes is a judgment that will enable him to share with his wife the custody of the children. He prays for a decree " granting unto the plaintiff the custody and control during fixed periods each succeeding year of his said two sons, and for such other and further relief as may be just in the premises."

The jurisdiction of a State to regulate the custody of infants found within its territory does not depend upon the domicile of the parents. It has its origin in the protection that is due to the incompetent or helpless (*Woodworth* v. *Spring*, 4 Allen, 321, 323; *White* v. *White*, 77 N. H. 26; *Hanrahan* v. *Sears*, 72 N. H. 71, 72; *Matter of Hubbard*, 82 N. Y. 90, 93). For this, the residence of the child suffices though the domicile be elsewhere (*Matter of Hubbard, supra*). But the limits of the jurisdiction are suggested by its origin. The residence of the child may not be used as a pretense for the adjudication of the status of parents whose domicile is elsewhere, nor for the definition of parental rights dependent upon status (cf. *Kline* v. *Kline*, 57 Ia. 386; *Griffin* v. *Griffin*, 95 Oreg. 78; *Lanning* v. *Gregory*, 100 Tex. 310; *Blackinton* v. *Blackinton*, 141 Mass. 432, 436; *Matter of Standish*, 197 App. Div. 176). Parents so situated must settle their controversies at home. Our courts will hold aloof when intervention is unnecessary for the welfare of the child.

We think the welfare of children does not appear from the complaint to be the basis of the husband's prayer for an apportionment of parental rights, nor is an action between contending spouses the proper form of remedy.

One situation there is, indeed, in which such an inquiry will be pursued in connection with an action between the spouses, or as a supplement thereto. The statute

permits a judgment fixing the custody of children as an incident to a judgment for divorce or separation. If divorce or separation is refused, jurisdiction is not retained to adjudicate the incident upon the failure of the principal (*Davis* v. *Davis,* 75 N. Y. 221). Relief must then be sought, not in the statutory action for divorce or separation, but by recourse to other remedies. " In this statutory action, the power of the court is to be sought in the statute itself, and only such judgment can be rendered as is authorized thereby " (*Davis* v. *Davis, supra,* p. 227; *Mollring* v. *Mollring,* 184 Ia. 464; cf. *Johnson* v. *Johnson,* 206 N. Y. 561). Some courts, construing their own statutes, have reached a different conclusion where divorce or separation has been demanded, but refused (*Morrill* v. *Morrill,* 83 Conn. 479; *Horton* v. *Horton,* 75 Ark. 22; *Power* v. *Power,* 65 N. J. Eq. 93). They apply in such circumstances the principle that equity, obtaining jurisdiction for one purpose, will grant complete relief. Nowhere is it held that an action may be maintained for custody *simpliciter.*

The plaintiff now before us makes no demand for divorce or separation. That being so, we seek the measure of his rights, not in the statutory jurisdiction in causes matrimonial, but in the jurisdiction to determine the custody of infants as it exists at law and in equity irrespective of the statute. We find no authority for the exercise of that jurisdiction through the medium of an action by one parent against the other. Except when adjudged as an incident to a suit for divorce or separation, the custody of children is to be regulated as it has always been in one or other of two ways: by writ of habeas corpus or by petition to the chancellor (*Queen* v. *Gyngall,* 1893, 2 Q. B. D. 232, 238; Eversley on the Law of Domestic Relations, 514 *et seq.;* cf. *People ex rel. Riesner* v. *N. Y. Nursery & Child's Hosp.,* 230 N. Y. 119, 124). The plaintiff argues that habeas corpus is denied to him by section 70 of the Domestic Relations Law, since he is

not an inhabitant of the State. The origin of that restriction is to be sought in a section of the Revised Statutes (2 R. S. 148, § 2), which was intended to enlarge the common-law remedies available to the wife (*People ex rel. Nickerson* v. *Blank,* 19 Wend. 16, 18; *People ex rel. Ordronaux* v. *Chegaray,* 18 Wend. 637, 642; *People ex rel. Sternberger* v. *Sternberger,* 12 App. Div. 398). The Domestic Relations Law (first enacted in 1896) gave the same remedy to the husband, though he already had it at common law. We do not need to determine whether there is to-day a remedy by habeas corpus available to either spouse irrespective of the statute (Dom. Rel. Law [Cons. Laws, ch. 14]; cf. *People ex rel. Riesner* v. *N. Y. Nursery & Child's Hosp., supra*). If we were to assume with the plaintiff that the writ has been denied to him, there would remain his remedy by petition to the chancellor or to the court that has succeeded to the chancellor's prerogative (*Queen* v. *Gyngall, supra; Matter of Spence,* 2 Phillips, 247, 248; *Wilcox* v. *Wilcox,* 14 N. Y. 575; *Matter of Knowack,* 158 N. Y. 482; *Power* v. *Power, supra*). Nothing in the habeas corpus act affects that jurisdiction, inherent in courts of equity, or changes or diminishes the remedy available. It is not a remedy by suit. It is a remedy by petition. The distinction is implicit and fundamental alike in the genesis of the jurisdiction and in its subsequent development.

We find no sufficient reason for discarding this historic remedy and establishing in its place, or even as a supplement, a remedy by action. The difference is more than formal. The chancellor in exercising his jurisdiction upon petition does not proceed upon the theory that the petitioner, whether father or mother, has a cause of action against the other or indeed against any one. He acts as *parens patriæ* to do what is best for the interest of the child. He is to put himself in the position of a " wise, affectionate and careful parent " (*Queen* v. *Gyngall,*

28

*supra*), and make provision for the child accordingly. He may act at the intervention or on the motion of a kinsman, if so the petition comes before him, but equally he may act at the instance of any one else. He is not adjudicating a controversy between adversary parties, to compose their private differences. He is not determining rights " as between a parent and a child " or as between one parent and another (*Queen* v. *Gyngall, supra*). He " interferes for the protection of infants, *qua* infants, by virtue of the prerogative which belongs to the Crown as *parens patriæ* " (*Matter of Spence, supra*). The plaintiff makes no pretense of invoking this paternal jurisdiction. We are not advised by his complaint whether a division of the custody will tend to the benefit of his sons or to their detriment. He invokes the jurisdiction of a court to settle a dispute. Equity does not concern itself with such disputes in their relation to the disputants. Its concern is for the child.

The remedy by action is thus seen to be incongruous in principle. It is more than that, however; it is cumbrous, expensive and dilatory in practice. There must be pleadings and notices of trial and crowded calendars and formal proofs. The remedy by petition is summary and cheap and swift. It comes to us established and consecrated by tradition and practice immemorial. We are unwilling to displace it by a less efficient innovation.

The order of the Appellate Division should be reversed and that of the Special Term affirmed, with costs in the Appellate Division and in this court, and the question certified answered in the negative, without prejudice to any other remedy consistent with this opinion that is available to the respondent.

HISCOCK, Ch. J., POUND, McLAUGHLIN, CRANE, ANDREWS and LEHMAN, JJ., concur.

Order reversed, etc.