THE PEOPLE OF THE STATE OF NEW YORK ex rel. LUDWIG LEWISOHN, Relator, *v.* THELMA BOWMAN SPEAR, Respondent.

Supreme Court, Special Term, New York County, May 3, 1940

*Goldsmith, Jackson & Brock* [*Osmond K. Fraenkel* and *Arnold J. Brock* of counsel], for the relator.

*Bernard H. Sandler*, for the respondent.

LEVY, J. By this writ of habeas corpus the relator asks to be awarded the custody of the child born out of wedlock. Respondent contends that the putative father may not be heard and that an illegitimate child may not be taken from the mother. However, this court will exercise its jurisdiction in the interests of the child, whether born in or out of wedlock, and upon the motion of any person having a proper interest. (*Finlay* v. *Finlay*, 240 N. Y. 429; *People ex rel. Mahoff* v. *Matsoui*, 139 Misc. 21.)

Much may be said of the pathetic situation presented here, but a few observations will indeed suffice. The relations which these parties saw fit to maintain over a period of years may not be looked upon with any measure of favor under our system of law. But, as soon as the opportunity presented itself the relator with

all apparent earnestness sought to correct this by offering the respondent lawful marriage. This she definitely rejected and later voluntarily surrendered the custody of the child. She evidently came to a change of mind and the court is of the belief that this was caused by the entry upon the scene of another woman and also the undue and pernicious influence of still another woman. This may be of no consequence in respect of the issue that the court is called upon to determine but it may prove helpful in arriving at the reasons for the state of mind more recently made manifest by the respondent. It may be noted that these circumstances very likely led her to conceive and execute the idea of regaining the child in which she succeeded.

Normally the mother may be entitled to the custody of an illegitimate child. But the court, however, is not called upon to determine the respective claims of the parents as litigants or to compose their differences. In the final analysis the paramount interest of the infant is judged upon fundamental equitable principles. In so doing the court acts in a paternal jurisdiction as the guardian of all infants and in the manner in which a wise and affectionate parent in the particular case would act for the child's good. Indeed, custody of a child may be conferred upon a parent although no misconduct is proved against the one presently having it, if in the circumstances it appears that the interest of the infant is thereby best served.

After considering the evidence and acting upon the principles enunciated, the court is constrained to hold that this respondent is not temperamentally or otherwise prepared to care for the child, and that its interest is best served by superseding any claimed natural rights which the mother may tender. She will, however, be afforded every reasonable and proper right of visitation, but in the light of what has occurred here, this will be cloaked with the obviously necessary safeguards.

The writ is, therefore, sustained and the custody of the child awarded to the relator. Settle order at which time suggestions may be proffered with respect to the matter of visitation.