Per Curiam.

The appeal is by a resident of the State of Colorado, the mother of a boy over fourteen years of age who resides with her in that State, from an order of Special Term dated April 5,1950, which order removes appellant’s infant son from her custody and places him in the custody of his father, the respondent. The order adjudged that appellant has defaulted under certain agreements entered into between her and respondent and has violated certain orders of the court. The order appealed from also forfeits a bond in the sum of $7,500 heretofore furnished by appellant pursuant to an agreement between the parties and an order of the New York Supreme Court.
1. The learned court at Special Term was without power to modify a prior valid order of the Supreme Court of this State entered on a writ of habeas corpus, and by such modification direct that custody of the infant son be taken from the mother, where the boy was not present in this State when the transfer of custody was directed and no testimony was here taken (Finlay v. Finlay, 240 N. Y. 429; Matter of Kernan, 247 App. Div. 664, affd. 272 N. Y. 560; People ex rel. Winston v. Winston, 31 App. Div. 121; People ex rel. Gaines v. Luria, 292 N. Y. 623). There was no basis for the court’s finding, solely on the basis of conflicting affidavits and without any testimony being taken, that the mother who had the custody of this boy for over twelve years was now an unfit person to retain such custody.
Section 70 of the Domestic Relations Law does not authorize such a drastic change of custody where the boy is not within this jurisdiction and where his parents were lawfully divorced in another State.
2. The prior consents of the parents to the continuing jurisdiction of the Supreme Court of this State over the boy’s custody is not binding-on the boy, who is over fourteen years of age. He has a distinct personality entitled to protection *580 and is now, and has for over ten years been, a resident of and domiciled in another State the courts of which have awarded his custody to his mother and have complete jurisdiction and are fully competent to deal with all present aspects of the child’s custody.
3. Appellant, the mother, who has repeatedly and voluntarily submitted herself to the jurisdiction of the courts of this State in matters affecting the custody of the child, is liable under her bond, here given, to secure compliance with the agreement she entered into with her husband in this State relating to the custody of the child and the orders entered thereon by our courts. It was error, however, to have forfeited that bond without proof of the actual damage sustained by the father respondent and without proof indicating appellant’s responsibility for noncompliance with the orders of our courts. The bond here involved, though penal in form, should be construed as a covenant to pay damages actually suffered. The face amount of the bond indicates only the maximum amount of liability thereunder (Civ. Prac. Act, § 160).
The order appealed from should be reversed, without costs, and the motion by respondent for full custody of the child denied, but without prejudice to the renewal of an application to forfeit the bond on such notice to appellant as the court at Special Term may direct. Settle order.
Glennon, J. P., Dore and Shientag, JJ., concur; Cohn and Callahan, JJ., concur except with respect to the construction of the bond in the prevailing opinion and construe it as creating liability without proof of damage.
Order reversed, without costs, and. the motion by respondent for full custody of the child is denied, without prejudice to the renewal of an application to forfeit the bond on such notice to appellant as the court at Special Term may direct. Settle order on notice.