THE PEOPLE OF THE STATE OF NEW YORK ex rel. ADELAIDE B. C. GLASIER, Appellant-Respondent, against HENRY P. GLASIER, Respondent-Appellant.

Third Department, July 25, 1956.

*Ernest B. Morris* for appellant-respondent.

*Hinman, Straub, Pigors & Manning* for respondent-appellant.

*Per Curiam.* We have before us an appeal by a father and a cross appeal by a mother from certain portions of an order made in a habeas corpus proceeding involving the custody of their infant. The father appeals from that part of the order which directs that the infant be entered in some preparatory school of equal standing with the Albany Academy, but outside the city of Albany. The mother has cross-appealed from other portions of the order which, in substance, modified the provisions of a Nevada decree of divorce between the parties and awarded custody of the infant to the father. On the oral argument counsel for the mother indicated that she was satisfied with that portion of the order which directed that the infant be entered in a preparatory school outside of the city of Albany.

On July 30, 1948 the parties entered into a separation agreement by the terms of which the custody of the infant was given to the mother during the period of his minority. In September of the same year the mother obtained a decree of divorce in the State of Nevada which approved, adopted and confirmed the separation agreement theretofore made between the parties. From 1948 to sometime in December of 1954 the mother had custody of the infant. After she obtained a decree of divorce in Nevada she moved to the city of Toronto, in Canada, where the infant and his sister lived with her until about December 15, 1954. The proof indicates clearly that in December of 1954 the infant and his sister, voluntarily and of their own will, left Toronto and came to the father's home in the town of New Scotland, Albany County. Thereafter the infant son entered the Albany Academy as a student and has finished his sophomore year. He is now 16 years of age and has expressed a strong desire to remain with the father and to continue as a student in the Albany Academy. It also was established by the testimony before Special Term that the infant son has little or no affection for his mother. While some suggestion is made that the father has poisoned the mind of the boy against his mother, the proof does not sustain this conclusion.

Thus the situation is a very unfortunate one but the primary concern of the courts in a proceeding of this kind has to do fundamentally with the welfare of the child (*Finlay* v. *Finlay*, 240 N. Y. 429). The Special Term was satisfied from the evidence that the welfare of the infant would be best served by awarding the custody to the father. In coming to this conclusion it was necessarily found that the circumstances had radically

altered since the mother obtained a decree of divorce in Nevada. We agree with these conclusions and are satisfied that the infant would not voluntarily return to the home of his mother in Canada, and further, that if he were forcibly required to take such a course he would not remain with her. In a most commendable attempt to alleviate some of the hardships of the situation so far as the mother is concerned the Special Term felt that the infant should be sent to some other school than the Albany Academy so that possibly he might cultivate new associations and perhaps regain some filial respect and affection for her. We are reluctantly constrained to disagree with this conclusion and direction. The infant has expressed a strong desire to remain in the Albany Academy where apparently his record as a student has been entirely satisfactory. While his wishes may not be the sole criteria to guide the court, nevertheless, in view of his age, and of the circumstances disclosed in the record, we think they are entitled to some consideration; and we are satisfied from the record that his welfare, emotionally and psychologically, will be best served by permitting him to remain in the Albany Academy and in the custody of his father. The mother, of course, should have an unlimited right of visitation at all reasonable times within this jurisdiction and the father is directed to encourage and facilitate such visitation under the direction of the Special Term if that becomes necessary.

Some question is raised as to the infant's domicile at the time the habeas corpus proceeding was instituted in this State. Suffice it to say that the infant was actually living with his father in this jurisdiction at the time. That was sufficient to give the Special Term jurisdiction to pass on the issue of custody (*Finlay* v. *Finlay, supra*). The order specifically decrees that the custody of the infant is awarded to the father. The remaining portions of the order purporting in terms to modify the Nevada decree and the separation agreement were not matters that could be determined upon habeas corpus.

The order should be modified, on the law and the facts, by deleting therefrom the direction that the infant should be sent to some school outside of the city of Albany, and in place thereof it should be provided that he may remain in the Albany Academy and in the custody of his father with the right of visitation to the mother as heretofore indicated, and also by deleting from the order the paragraph which purports to modify the Nevada decree. As thus modified, the order should be affirmed, without costs.

FOSTER, P. J., BERGAN, COON, HALPERN and ZELLER, JJ., concur.

Order modified, on the law and facts, by deleting therefrom the direction that the infant should be sent to some school outside of the city of Albany, and in place thereof providing that he may remain in Albany Academy and in the custody of his father, with the right of visitation to the mother as indicated in the opinion; and also by deleting from the order the paragraph which purports to modify the Nevada decree. As thus modified, the order is affirmed, without costs. Settle order.