In the Matter of NANCY HICKS, Appellant, against HARRY BRIDGES, Respondent.

First Department, October 2, 1956.

*Arthur M. Borden* of counsel (*Borden & Ball,* attorneys), for appellant.

*Herman Rosenfeld* of counsel (*William L. Standard,* attorney), for respondent.

BREITEL, J.   Petitioner, the mother of a girl aged 13 and a boy aged 8, appeals from dismissal of her petition, at Special Term,  in which she sought determination '' fixing the residence of the children in the State of New York '' with appropriate provision for visitation with such children by her former husband.   The respondent in the proceeding is the former husband and the father of the two children.

The issue in the case is whether the courts of this State have the power to, and, if they do, should they, entertain jurisdiction of the special proceeding in the interests of the welfare of the children.   The history of the family and prior legal determinations affecting custody of the children were obtained under agreements and judgments rendered in the States of California and Nevada.   Significant in the case is the absence of any dispute between the parents as to the sharing of time in the custody and visitation with the children, and the presence of very sharp dispute over whether the children must remain in California or whether they may be permitted to remain in the State of New York.

The problem arises from the divorce of the parents and the subsequent remarriage of the mother.   The second husband has brought the family, that is, his wife and her two children

by the prior marriage, to New York where he has obtained a position of promise.

The parents and the children were long-time residents of California. In 1954, while still in California, they entered into a property settlement agreement which provided, among other things, that the children should remain with the mother. She also agreed that she would not remove them from the city of San Francisco in the State of California, without the consent in writing of the husband, or without moving in the Superior Court of the State of California for an order authorizing such removal.

In early 1955, the mother obtained a consent divorce decree in the State of Nevada. The agreement between the former husband and wife was not incorporated in the divorce decree, but that decree did award custody of the children to the mother. Shortly thereafter, the mother married one Hicks and lived with him in San Francisco with her two children.

Hicks had been a California resident but had been employed in New York for some time. After the new family lived together in California for some 10 months, it is averred, he found it difficult to maintain steady employment. Later in 1955, he received and accepted the opportunity for a promising position with his former employer in New York. Before the year was out, the entire family, the mother, the second husband and the two children, moved to New York where they now are. Neither the consent of the father nor the approval of the California courts was obtained in effecting that removal.

Except for a short interval, the father had supported the children. During the interval of nonsupport the mother brought an action in California which resulted in the father bringing the payments up to date. This action, however, has additional significance in this case; for, after the new family had removed from California to New York, the father moved in that action for judgment specifically enforcing the agreement between the parents requiring the children to reside in California. Summary judgment on default was obtained in favor of the father. That judgment is now the subject of an appeal by the mother in California.

The situation then is that the father is seeking through legal proceedings in California to require the continued residence of the children in that State. The mother, by this special proceeding, has sought to prevent the removal of the children from New York on the ground that the economic opportunities of the new family are restricted to New York; that the children's best interests require their continued residence in New York; and

that the father's purpose is primarily to destroy the second marriage and the family based upon it. In that connection, the mother avers, the children are anxious to remain in New York; their successful adjustment to schooling in New York requires their maintenance here; and the children, particularly the daughter, are seriously disturbed by the prospect of being required to reside in California.

The father, respondent herein, contends that there is no authority for a special proceeding of this kind. There is no dispute that special proceedings in equity, as an alternative to habeas corpus, may lie where the custody of children is in dispute. But, the father contends there is no issue as to custody and, hence, there is no warrant for the special proceeding.

This issue is easily resolved. It is ancient law that matters affecting the health and welfare of children may be brought before the court on petition in equity. This is a summary jurisdiction which stems from the Chancellor in England and the chancery courts in this State prior to 1846. The leading case expressing this proposition is *Finlay* v. *Finlay* (240 N. Y. 429), although the principle was an undisputed one long before that case. (*Wilcox* v. *Wilcox,* 14 N. Y. 575.) While it is true that most cases which have arisen, including the *Finlay* and *Wilcox* cases, involved the custody of children, adjudication has always been expressed as based on the broad jurisdiction of all matters affecting the health and welfare of children, and the presence of the power to direct whatever was necessary to accomplish that objective. (See generally, 3 Story's Equity Jurisprudence [14th ed.], ch. XXXVIII; 4 Pomeroy's Equity Jurisprudence [5th ed.], § 1303 *et seq.; Losey* v. *Stanley,* 147 N. Y. 560, 569.)

Moreover, while the form the dispute takes in this case is whether the children should reside in California or in New York, the full practical effect may well be to determine whether the children's custody should remain with the mother or pass to the father, or, if it should remain with the mother, at the peril that she physically separate herself from her second husband.

Consequently, this special proceeding is an appropriate one to determine the substantive issues raised.

The father argues, and Special Term determined, that the question of the residence of the children is one to be determined in a plenary action between the parents. In such action, of course, the California judgment directing specific performance of the property settlement agreement might stand as *res judicata* or be entitled to recognition on the ground of comity. True it is, that, as between the father and mother, the California agreement, the California judgment, and, indeed, the California law

as applicable thereto, should completely control their reciprocal legal rights and obligations, even insofar as those legal rights and obligations pertain to their children.

The difficulty is that where children are concerned, that which may be or should be done with respect to those children, in the interest of their health and welfare, is not necessarily determined by the legal rights and obligations which subsist between their parents. Thus, in the *Wilcox* case (*supra*) the court, in sustaining the action of a Justice of the Supreme Court in transferring, in a collateral proceeding, the custody of an infant from a court-appointed legal guardian, said (p. 578) '' The motive to the exercise of this power is the benefit of the child, and is not to be defeated by one having a *mere legal title* to the custody of the child ''. (Emphasis supplied.) What may bind the parents may not bind the children, and does not bind what the court may do, in a special proceeding brought, in effect, in the interest of the health and welfare of the children, given, of course, jurisdiction over the children.

The basis for jurisdiction over the children is their presence in the State. The jurisdiction is not impaired by the fact that their domicile might or should be elsewhere (*Matter of Bachman v. Mejias,* 1 N Y 2d 575; cf. *Matter of Sutera* v. *Sutera,* 1 A D 2d 356). Moreover, in entertaining jurisdiction in such matters, foreign judgments are not entitled to full faith and credit, nor does even the principle of comity apply, requiring one to follow a judgment or order of a foreign jurisdiction '' when it conflicts with the dominant domestic duty of the court to guard the welfare of its wards ''. (*Matter of Bachman* v. *Mejias, supra,* p. 581.)

It is clear then, if the health and welfare of the children of these parents may be substantially and adversely affected by their removal to California by virtue of any act of the father or any order or judgment of a court which he may obtain, the courts of this State have not only the power, but the duty, to entertain a proceeding to determine whether such is the case. In doing so, the court, of course, must walk a very narrow line, because, as stated in the *Finlay* case (240 N. Y. 429, 431, *supra*), '' The residence of the child may not be used as a pretense for the adjudication of the status of parents whose domicile is elsewhere, nor for the definition of parental rights dependent upon status. * * * Parents so situated must settle their controversies at home. Our courts will hold aloof when intervention is unnecessary for the welfare of the child.''

In our case it is quite clear that the legal rights and obligations of the father and mother, as between them, whether or not determined by the property settlement agreement made in California or the judgment rendered in California, are to be determined by California law, preferably in California courts, and subject to the rule of *res judicata*. (See *Matter of Sutera* v. *Sutera, supra.*) But, if their disputes, the litigation between them, and the results of such litigations, may have an adverse impact upon the health and welfare of the children, now present in the State of New York, the courts of this State will reach out to entertain jurisdiction and to prevent the prejudicing of the health or future prospects of the children. (See *Matter of Knowack,* 158 N. Y. 482, 489.) To the extent to which the impact on the rights and obligations between the parents and the protection of the children conflict, the protection of the children is paramount, and that is why the courts of the State, where the children are found, have a jurisdiction that is paramount, albeit limited in basis to the health and welfare of the children.

Special Term determined the case only on the papers submitted to it. These established a conflict whether the health and welfare of the children would be substantially and adversely affected by their removal to California, or put another way, whether the facts averred by the mother are as she says and require continued residence of the children in New York, for the sake of their health and welfare. Consequently, it is necessary for proof to be taken to resolve that conflict.

Accordingly, the order dismissing the mother's petition should be reversed, with costs and disbursements of the appeal to appellant and the matter remanded to Special Term for the purpose of taking proceedings in accordance with the views expressed. Settle order.

Peck, P. J., Botein, Rabin and Cox, JJ., concur.

Order dismissing the mother's petition unanimously reversed, with $20 costs and disbursements to the appellant, and the matter remanded to Special Term for the purpose of taking proceedings in accordance with the opinion herein. Settle order on notice.