Walter R. Hart, J.
Petitioner, Pasquale Fierro, by writ of habeas corpus, seeks custody of a child born out of wedlock to Genevieve Diamond and himself on July 14, 1954. The mother of the infant died as the result of an accident on October 31, 1956. The infant, at the present time, is in the custody of respondent, the sister of the deceased mother.
Certain definite principles have been established to guide the courts in deciding custody of a child where that issue is raised by habeas corpus proceedings. The first and basic one is the welfare and best interests of the child (Matter of Lee, 220 N. Y. 532; Finlay v. Finlay, 240 N. Y. 429). However, “No court *203 can, for any but the gravest reasons, transfer a child from its natural parent to any other person (* * * People ex rel. Hausler v. Stegmeier, 240 App. Div. 901, affd. 264 N. Y. 483; Matter of Thorne, 240 N. Y. 444; Domestic Relations Law, § 81), since the right of a parent, under natural law, to establish a home and bring up children is a fundamental one and beyond the reach of any court (Meyer v. Nebraska, 262 U. S. 390, 399).” (People ex rel. Portnoy v. Strasser, 303 N. Y. 539, 542.)
The rule above set forth “ applies to illegitimate, as well as legitimate, children ” (People ex rel. Meredith v. Meredith, 272 App. Div. 79, 82, affd. 297 N. Y. 692).
It is well settled in this jurisdiction and elsewhere that on the death of the mother the natural father is entitled to custody of an illegitimate child if he is a fit person. (Guardianship of Smith, 42 Cal. 2d 91; 37 A. L. R. 2d 867, and annotations thereto; People ex rel. Meredith v. Meredith, supra.)
Upon the hearing of this writ respondent attempted to establish that petitioner, the father, was not a fit person to have custody of the child. The evidence adduced fell short of its mark and did not, in the court’s opinion, impugn the character of the respondent or his fitness to be a proper and suitable repository of the custody of his child. Though the court was highly impressed by the respondent, her mother and sisters, it feels constrained under the circumstances and by law to sustain the writ.
Respondent is hereby directed to deliver the infant forthwith to the custody of the petitioner. Submit order on notice.