Louis L. Friedman, J.
By writ of habeas corpus, petitioner seeks custody of two infant children now residing with their mother, the female defendant herein. The male defendant, brother of the other defendant, was named solely for the purpose of securing the present address of the mother and has no other connection with this proceeding and all references to defendant hereinafter made apply only to the mother of these two children.
Petitioner and the defendant began living together in a common-law relationship in 1949, in Puerto Rico. No marriage ceremony ever took place and they continued to live together until the early part of 1958. Out of this relationship were born the two children who are the subject of the present controversy, and these two children are now aged six and eight years respectively.
Except for a period of one month during the year 1956, the parties to this proceeding and the two children lived together continuously as a family unit. On January 21, 1958, defendant left the home of petitioner taking the two children with her and taking up residence with another man with whom she had entered into a ceremony of marriage three days before that time, to wit, January 18, 1958. Her present husband is now supporting these two children.
Upon the hearing before this court, defendant was not represented by counsel and both she and her brother appeared and were heard by the court. Defendant claims that she left petitioner because of threats which he made against both her and her children and because she was fearful of his violence. She was further fearful, as she claims, that if given custody of the children, petitioner would take them to Puerto Rico and they would be outside of the jurisdiction of this court. She desires that custody remain with her, that petitioner be forever barred from seeing the children or having any visitation and she is willing to waive any claim for the children’s support.
*213 Although the present application is for custody of the children, petitioner through his attorney stated at the time of the hearing that only visitation is being sought, and the question now to be determined by the court is whether the putative father of these two children has any legal right to such visitation.
It is axiomatic that as between the mother and the putative father, the mother prima facie is entitled to the custody of the child involved (see 10 Carmody on New York Practice, § 45, and cases cited therein; People ex rel. Meredith v. Meredith, 272 App. Div. 79, affd. 297 N. Y. 692). It is only where it appears from the evidence before the court that the mother is not a proper or suitable person to have custody over said infant, that the court will interfere with such right to custody and will direct that the child be placed elsewhere. It was because of such circumstances that in the Meredith case (supra) that custody of the illegitimate child was granted to the father, and that decision is one of a long line of authorities to the same effect.
It is elementary that the court’s first concern is as to the welfare of the children involved herein. The court is not concerned with determining rights as between the two parents of the children but intervenes solely for their protection by virtue of the prerogative which belongs to the State as parens patrice (Finlay v. Finlay, 240 N. Y. 429).
In the instant case the putative father seeks merely visitation. Were this a situation where the children had merely been begotten by petitioner through a temporary illicit relationship with defendant, and he sought visitation, the court would make no such decision. Here, however, petitioner at all times acted as and lived with these children in the relationship of their father, supporting them in accordance with his means, and there seems to be no reason why, in the absence of circumstances indicating that it would be detrimental to the children to do so, he should be deprived of at least seeing the two children toward whom he has undoubtedly demonstrated a great deal of love and attention and whom he has supported during all of these years. Even after leaving petitioner, he has continued to provide for their support although given only the barest visitation, and such visitation under strict, constant supervision. Petitioner is gainfully employed as a truck driver in New York City and has worked at that occupation for the past seven years. There is nothing before the court other than defendant’s bare statement, that if granted, petitioner would spirit the children out of the country. The court is of the opinion that the close ties which existed between the peti *214 tioner and these children since their birth should not now be disturbed and that their welfare requires that petitioner be allowed to visit with them.
Accordingly, the writ is sustained to the extent that visitation is allowed on Saturday or Sunday of each week as the parties may agree, from 10:00 a.m. to 6:00 p.m., and on the last weekend of each month from Saturday at 10:00 a.m. to Sunday at 6:00 p.m. In addition thereto petitioner may have visitation of both children for two weeks during the summer when he is given his own vacation period.
Such visitation is conditioned upon petitioner’s continuing his present contribution of $20 a week for the support and maintenance of these children except for the' two-week period when they are Avith him during the summer vacation. The two children are to be made available at the home of the male defendant, their maternal uncle, at the commencement of each Adsitation period, and petitioner is to return them there at the termination thereof.
Submit order.