Marcus G. Christ, J.
This is an action brought by the husband against the wife in which he seeks a judgment granting him a separation, awarding him custody of the children of the *1048 marriage and the right to occupy certain premises owned by the parties as tenants by the entirety.
The parties were married in Cleveland, Ohio, on December 27,1934 but for 16 years they lived on Long Island, part of such time in the house in Carden City which they own as tenants by the entirety. There are two children of the marriage, a daughter and a son, who were 16 and 13 years of age, respectively, at the time of the trial.
In January, 1957 the defendant left home taking the two children with her and has ever since remained away. The court finds that the defendant abandoned the plaintiff without cause and that she has refused to return to the family home and to bring the children with her. Upon this state of facts the plaintiff is entitled to a judgment of separation upon the ground of abandonment and the court grants such judgment accordingly.
The troublesome issue in this case revolves about the custody of the children. There is no question about the competency or the fitness of either parent to bring up the children. Neither is there any question concerning the affection of the children for both parents. The record discloses a strong attachment to both parents. Whether they live with their mother or their father, they will be well supervised and well controlled.
The children now reside with the defendant in Florida and have been there with her since she took them there in late January or early February, 1957, except for a period during the Summer of 1957 when the son came north to spend some time with the plaintiff. At that time the boy was reluctant to return to Florida and refused to go until his mother came to New York and took him back with her.
It has been said that “ it would be a strange inconsistency should the court, after deciding that the mother had gone unjustifiably from her husband’s house, visit upon him the penalty of the home broken by her fault and of losing his child ” (Ullman v. Ullman, 151 App. Div. 419, 421). If custody were to be awarded to the defendant here the practical result would be just such “ a strange inconsistency ”. As the situation now stands, the two children are living more than a thousand miles from the former marital home and the place where the father’s employment requires him to be. This state of affairs, considering the father’s circumstances and the nature of his employment, would make visitation rights largely ineffective and illusory since, at best, the father could only go to Florida occasionally, if at all. (Cf. Matter of Whittemore v. Whittemore, 202 Misc. 175,177-178.) The record indicates that the defendant has been a good mother. It also indicates, however, that the plaintiff has *1049 been a good father. Nevertheless, the court cannot give judicial approval to the defendant’s “ willful action in breaking up the home which has deprived her children of the love and guidance of a good father and faithful husband ”. (Cf. People ex rel. Pritchett v. Pritchett, 1 A D 2d 1009, 1011.)
In this aspect of the case the court’s paramount concern must be the best interests of the children (Finlay v. Finlay, 240 N. Y. 429, 434). This requires careful consideration of the conditions as they now exist and the possible good or harm to the children which may flow from directions concerning their supervision and control. Both children are attending school in the State to which their mother removed them. It is the belief of the court that it would be inadvisable to require the children to be removed at this time from school and re-enter the schools which they attended before their mother took them to Florida. Custody of both children is awarded to their father, the plaintiff herein, subject to the following conditions: (1) Both children shall be permitted to remain in the temporary custody of the defendant until the end of the 1958-1959 school year, provided, however, that the plaintiff upon 30 days’ written notice to the defendant may have custody of both children during their 1959 Spring vacation from school either in the State of Florida or at the plaintiff’s home in Garden City, N. Y., with all necessary travel expenses of the children in coming to and returning from Garden City to be paid by the plaintiff; (2) the plaintiff shall return both children to the temporary custody of the defendant at least 24 hours before their attendance at school following the Spring vacation is required to begin; (3) the defendant within 10 days after the termination of the children’s 1958-1959 school year shall deliver both children to the plaintiff, any transportation expense involved in effecting such delivery to be borne by the plaintiff; (4) after the children have been returned to the plaintiff following completion of their 1958-1959 school year, the defendant may have broad visitation rights at Garden City, N. Y., the details of which may be embodied in the judgment to be entered hereon; (5) during the period that the children are permitted to remain in the temporary custody of the defendant as hereinbefore directed the plaintiff shall pay the sum of $20 per week for the support and maintenance of both children except that the plaintiff shall not be required to pay such amount during any period in which the children are in his actual custody.
The present determinations concerning custody and visitation rights are subject to modification on a showing of a substantial change in circumstances.
*1050 In accordance with the provisions of section 1164-a of the Civil Practice Act the plaintiff is awarded exclusive occupancy of the premises owned by the parties as tenants by the entirety.
The defendant has not asked for an allowance for her support and in view of the court’s finding that she abandoned the plaintiff no such allowance is made. However, the defendant does seek an allowance of $650 for her counsel fees. Her defense has been without merit but inasmuch as the situation in respect of the children necessarily had to be tried out, the court grants the defendant an allowance of $300 for her counsel fees, payable one half within 30 days after entry of judgment herein and the balance within 60 days after entry of judgment. No costs are awarded in favor of or against either party.
This constitutes the decision of the court pursuant to section 440 of the Civil Practice Act. Settle judgment on notice.