Claes J. Hoyt J.
The petitioner, a resident of Tacoma, Washington, secured a writ of habeas corpus in Orange County Supreme Court on September 12,1968, returnable on September 25, 1968, commanding the respondent, his former wife, to produce their daughter Elizabeth C. Carlson. The relief, as prayed for in the petition, sought custody of the child and a modification of the orders of Superior Court of the State of Washington which had granted a judgment of divorce and provided for the custody and visitation.
Upon the return of the writ, the petitioner, his present wife, and his sister, appeared to offer proof, having flown to New York from the State of Washington for that purpose. Respondent sought an adjournment to prepare a return and moved to dismiss the proceedings on jurisdictional grounds. The court reserved decision on the motion to dismiss, permitted petitioner to amend his petition as to the relief sought and without prejudice to respondent’s motion to dismiss she was directed to and did on the record answer the allegations of the complaint. The petitioner, his present wife, and his sister testified and the court thereupon reserved decision on the motion to dismiss and advised that if the motion be denied the respondent could make further answer to the petition, interpose any other defenses and the court would thereupon take further proof.
From the allegations of the petition admitted and from the proof adduced it is established that petitioner and respondent were divorced by decree of the Superior Court, County of Pierce, State of Washington on March 15, 1968, with custody of the daughter Elizabeth awarded to respondent and reasonable visitation rights in petitioner. Within a few days of the entry of the decree petitioner learned that his former wife, the respondent, had remarried and intended to move to New York State with the infant daughter. This prompted petitioner to secure a modification of the decree, which was effected on March 22, 1968 and which provided that respondent would send the infant to Tacoma, Washington on July 1 of each year to spend the month of July in Tacoma so petitioner might enjoy visitation. At the time of the modification of the decree, petitioner was unmarried, and *664 having no facilities for the care of his daughter, it was provided that the child’s maternal grandmother, Sybil Fast, would have the general custody and control of the child subject to visitation by the father.
Elizabeth, pursuant to this modification and at petitioner’s expense, was sent to her grandmother in Tacoma in late June of 1968. Upon petitioner’s complaint to the Superior Court of Pierce County, Washington, that his former mother-in-law was not affording him visitation rights, he secured an order to show cause on July 5, 1968 requiring Sybil Fast to show cause why she should not comply with the decree as modified. Prior to July 12, 1968, the return day of the order, Sybil Fast returned the infant to her mother, the respondent herein, in New York State. Subsequent proceedings in the Pierce County Superior Court resulted in her being found in contempt.
The relief now sought by petitioner is to modify the existing decree so as to provide that during the months of July in each year he be permitted to exercise his visitation rights by having custody of his daughter for that period and that he be given visitation rights of his daughter in Tacoma for a week during the Christmas vacation, 1968, since he was deprived of the visitation during July of this year.
The only question now before the court is whether this application can be entertained, whether the New York court may modify the decree of the Superior Court of Pierce County, Washington. At this stage of the proceedings, with proof offered only on behalf of petitioner, it is not for the court to determine whether the relief should be given, but rather whether it has the power to grant the relief should its findings of fact so dictate.
The infant and her respondent mother are both residing within the County of Orange. The residence of the child alone is sufficient to confer jurisdiction on this court when its inquiry is directed to the welfare of the child (Finlay v. Finlay, 240 N. Y. 429; Matter of Bachman v. Mejias, 1 N Y 2d 575). The inquiry must be limited to the welfare of the child, and not to any complaint, of the petitioner, on his own behalf, in being deprived of visitation. No conflict results from an exercise of jurisdiction which may modify an existing decree of a sister State. This court will determine what is presently for the best interest of the child, which does not constitute a review of what the Washington court decreed on the facts existing at the time of its determination. (See May v. Anderson, 345 U. S. 528.) A modification of the decree that may be effected by this court, is no more than the Washington court might do, if application were made there (Matter of Sutera v. Sutera, 1 A D 2d 356).
*665 The motion to dismiss for want of jurisdiction is thus denied and respondent shall have 10 days from the date hereof to serve her answer to the petition.
The court will thereupon advise the parties of the time and place of a further hearing at which proof may be adduced by the parties. At such hearing, the respondent will produce the infant so that the court may interrogate her, if such seems advisable.