Victor J. Orgera, J.
Petitioner, Andrew P. Levitt, has petitioned this court ¡by way of an order to show cause signed October 21,1974, seeking a judgment: (1) -making Daniel Levitt, *558 the infant issue of petitioner and respondent Hayuta Kinori a ward of the court; (2) awarding custody of the infant to the petitioner; and (3) restraining the removal of the infant from the State of New York.
Respondent ¡has also petitioned the court 'by way of an order to show cause signed November 19,1974, wherein she requests an order requiring the petitioner to deliver the child to Herbert Tenzer, Esq., respondents’ attorney, for the purpose of returning the infant to the custody and control of the respondent, his mother, (respondent Hayuta Kinori is in her last month of pregnancy and cannot physically appear in this jurisdiction) and restraining the petitioner or others from removing the infant from Israel in the future. The latter order requires the petitioner to produce the child before this court.
Petitioner and respondent were married, in New York State in 1966. The marriage was dissolved by divorce decree entered in Israel on July 25,1971. The infant Daniel was born in New York State on September 19, 1968, and is now six years of age. A separation agreement between the parties, entered into in Israel on June 20, 1971 and modified on July 7, 1971, was confirmed and ratified in the divorce decree. The agreement and divorce provides for custody of the child in the mother. The father has generous visitation rights, the right to have the child in this country periodically throughout the year and because of his apparent financial circumstances this poses no hardship to ¡him. Upon the happening of either of two conditions, custody would be given to the father. The condition which petitioner relies on at this time reads as follows:
“ Should the U. iS. A. Government or Embassy of the U. S. A. in Israel declare or offer the evacuation of U. S. A. citizens from Israel — the son Daniel shall ibe taken out or sent from Israel to the husband (at the husband’s expense) and he shall remain with the husband until the son will be able to return to Israel safely, subject to the provisions of clause 12 of the divorce agreement. ”
Pursuant to paragraph 12 of the afore-mentioned agreement the petitioner, with the consent of the respondent, brought the infant to New York State in September, 1974. He posted a $10,000 guaranty pursuant to the divorce decree and agreed in writing to return the child to its mother on October 9, 1974. He has failed and refused to do so and asks the aid of this court in his pursuit of self-■help remedies.
Respondent, relying on sections 70 and 240 of the Domestic Relations Law, asserts that the infant is not a resident of New *559 York and therefore this court lacks jurisdiction. .This view is not shared ihy this court. It is settled in New York that the mere physical presence of a child in the State is sufficient to confer on this court power to make an effective disposition for the child’s welfare, including the determination of custody (Matter of Lang v. Lang, 9 A D 2d 401, citing Matter of Bachman v. Mejias, 1 N Y 2d 575; Matter of Hicks v. Bridges, 2 A D 2d 335). In the leading case of Finlay v. Finlay (240 N. Y. 429, 431) Judge Cabdozo held that jurisdiction pertaining to infant custody was present when the child was found within this State, because: “It has its origin in the protection that is due to the incompetent or helpless ”. When he later used the term “ residence ” as applied to the infant he did it to rule out the need for “ domicile ” and it meant only being within the State for whatever reason or duration. In Matter of Hahn v. Falce (56 Misc 2d 427), decided after the amendment to section 70 of the Domestic Relations Law, wherein the term “ residence ” of the child is used, the court cited Lang (supra), for the proposition that mere physical presence is sufficient for jurisdiction and the determination of custody.
However, having the power to decide custody does not mean that the court will ignore the Israeli decree. The power to modify or change custody ¡should be exercised only where there is a showing of extraordinary circumstances demonstrating that by failure to exercise its power the infant will suffer (Matter of Lang, supra). Here, the petitioner alleges various facts as being violative of the divorce decree in support of his petition for custody. He alleges: that the child had two minor infections ; a failure to permit petitioner to attend a birthday party of the infant; a lack of English lessons; a possible loss of inheritance of a co-operative apartment by the infant because of the respondent’s remarriage; a denial of admission to the residence of the infant; and a threatened termination of visitation rights. These querulous and unsubstantial complaints do not go to the essence of custody and even if proved would not give the court sufficient basis to alter custody. Petitioner does not even suggest that the respondent is an unfit or unconcerned mother and shows no change .in circumstances to warrant a modification of custody on those grounds.
The petition of the father comes down to its main thrust, that the boy’s return to Israel would pose imminent and likely danger to him. While the court can consider the best interests of the child as a basis for a change in custody, it is not impressed with petitioner’s .highly .subjective and speculative appraisal *560 of the dangers he suggests. In this age of nuclear missiles capable of destroying mankind in a matter of hours, the ready availability of handguns and other concealed weapons, the strained relations between and within nations often leading to violence where the innocent and nonparticipant are the victims, this court can conceive of no safe haven for anyone be he infant or adult. Israel has demonstrated its ability since becoming a nation to protect its citizens and residents and resist aggression from without. It perforce maintains itself in a state of preparation and alert. This court is in no position to say that the potential for danger in Tel-Aviv is greater than some other place on this earth.
The parties here have established an objective standard for the return of the infant to this country. It appears to be a clear, fair and reasonable .standard and even if it were not part of the decree this court would be inclined to adopt it, mindful that the Government of the United States is in a better position to determine the relative danger to and to afford protection for its citizens wherever found. The proposition advanced by petitioner that this court can better appraise and evaluate the potential political and geographical dangers to the child’s well-being in futuro leads to manifest absurdities.
The petitioner admittedly in breach of his agreement to return the child will not be permitted to use this forum to litigate matters provided for in the forum he chose previously, absent a showing of extraordinary circumstances or change of conditions affecting the child’¡s welfare so different from those present when the original decree was entered so as to .warrant a change in custody.
There being no factual issues that require a hearing, this then is the decision of this court with respect to both petitions: 1. Petitioner Andrew P. Levitt’s requests for relief are denied in all respects and the petition is dismissed. 2. Respondent Hayuta Ednori’s cross petition is granted to the extent that the petitioner Andrew P. Levitt is directed to produce the infant Daniel Levitt at 9:30 a.m., December 27, 1974, before this court at Special Term, Part V, Hauppauge, New York, for the purpose of delivering the infant to the firm of Tenzer, Greenblatt, Fallon & Kaplan, Esqs., as the authorized agents of respondent and as officers of this court, who will carry out the direction of this court that the child be returned forthwith to the respondent mother. In all other respects the cross petition is denied.