Isidore Levine, J.
This proceeding was brought by order to show cause under subdivision (b) of section 651 of the Family Court Act in the name of the infant subject of the proceeding, to determine the custody of the said infant. The contestants, Mr. and Mrs. Short, are the foster parents of the child Mickey with whom he has been placed for over three years, and the Department of Social Services, the legal custodian of the child. Mickey was born on February 10, 1971, and thereafter voluntarily committed by his natural mother to the New York City Department of Social Services. Under subdivision 2 of section 383 of the Social Services Law, the custody of the child is vested in the Commissioner of Social Services.
"The custody of a child placed out or boarded out and not legally adopted or for whom legal guardianship has not been granted shall be vested during his minority, or until discharged by such authorized agency from its care and supervision, in the authorized agency placing out or boarding out such child, and any such authorized agency may in its discretion remove such child from the home where placed or boarded.” (Social Services Law, § 383, subd 2.)
In December, 1972, pursuant to subdivision 2 of section 383 of the Social Services Law as quoted herein, the Department of Social Services "determined to remove the infant Mickey and to close the home as unsuitable for any kind of foster home care, long-term or temporary, for the reason that the foster parents failed to share and/or denied and minimized the later discovered critical information about the Shorts themselves and about the academic and behavioral problems of their three children.” Various administrative remedies *804 were pursued subsequent to this determination, all of them disposed of adversely to the foster parents.
This proceeding was commenced by an order to show cause, brought in the name of the child, requiring respondent Department of Social Services to support its determination of removal, pursuant to subdivision (b) of section 651 of the Family Court Act. The pertinent section reads as follows: "When initiated in the family court, the family court has jurisdiction to determine, with the same powers possessed by the supreme court in addition to its own powers, proceedings brought by petition and order to show cause, for determination of the custody of minors.”
Respondent Department of Social Services argues that the instant application under subdivision (b) of section 651 as aforesaid is improper, and moves to dismiss the proceeding accordingly. The position of the department is that the foster parents of the child herein have no standing to contest custody of the said child and that the only remedy available to them is by way of section 392 of the Social Services Law. The salient points of the respondent department’s position are quoted herein from pages 3 and 4 of the affidavit of respondent of December 14, 1974.
"17. Section 651 allows a litigant to initiate a custody action in the Family Court by order to show cause and petition.
"18. The only disposition of this type of action is one which awards or refuses to award custody of a minor to a litigant or another entitled to that custody. Persons entitled to custody of a minor are parents, guardians or authorized agencies.
"19. The Shorts are foster parents.
"20. Pursuant to Section 371 of the Social Services Law, Sections 21 and 14, foster parents are those with whom a child is placed out or boarded out for fee or for payment for the purpose of maintenance or care.
"21. Foster parents have no custodial rights and cannot be awarded custody which is that concept that emphasizes and embraces the total spectrum of responsibility for making decisions and provisions for the care, control, education, health and religious upbringing of a child.
"22. What the Shorts seek is to retain and keep Mickey in their care, but this cannot be accomplished by way of a custody action.
"23. Just as foster parents cannot use a custody action to *805 bring about the return of a child that has been removed from foster care, it is likewise true that foster parents cannot use a custody action to retain or maintain a child in their care.”
Although section 392 of the Social Services Law provides an alternative remedy, whereby a foster parent can petition for review of foster care and obtain an order continuing such care, this court finds that the instant petition drawn under section 651 of the Family Court Act is an appropriate remedy under the said statute and properly before this court.
The language of subdivision (a) of section 651 is plain "the family court has jurisdiction to determine, with the same powers possessed by the supreme court * * * proceedings brought * * * for the determination of the custody of minors.” (Emphasis added.) "Where words of a statute are free from ambiguity and express plainly, clearly and distinctly the legislative intent, resort may not be had to other means of interpretation.” (McKinney’s Cons Laws of NY, Book 1, Statutes, § 76.) It follows, therefore, that if the Family Court has the same powers as the Supreme Court in regard to custody of minors, it has all of the same powers held by the Supreme Court under the New York State Constitution.
Under article VI (§ 7, par a) of the New York State Constitution, "The supreme court shall have original jurisdiction in law and equity”. This general jurisdiction in law and equity includes the powers held by the Supreme Court, and by analogy by the Family Court, as recited in Finlay v Finlay (240 NY 429). "Except when adjudged as an incident to a suit for divorce or separation, the custody of children is to be regulated as it has always been in one or another of two ways: by writ of habeas corpus or by petition to the chancellor * * * or to the court that has succeeded to the chancellor’s prerogative”. {Id., 432-433.) The Supreme Court is the successor to the chancellor under the general jurisdiction of law and equity granted to it under the New York State Constitution. Under section 651 of the Family Court Act, the Family Court succeeds by analogy to the same prerogative. The court in Finlay continued thus:
"The Chancellor in exercising his jurisdiction upon petition does not proceed upon the theory that the petitioner * * * has a cause of action * * * against any one. He acts as parens patriae to do what is best for the interest of the child. He is to put himself in the position of a 'wise, affectionate and careful parent’ [citation omitted] and make provision for the child *806 accordingly. He may act at the intervention or on the motion of a kinsman, if so the petition comes before him, but equally he may act at the instance of any one else . He is not adjudicating a controversy between adversary parties to compose their private differences * * * He 'interferes for the protection of infants qua infants, by virtue of the prerogative which belongs to the Crown as parens patriae1 ” (Finlay v Finlay, supra, pp 433-434; emphasis added.)
" The Finlay decision and the concept embodied therein, as to the parens patriae powers of the Supreme Court, has been affirmed in Matter of Bachman v Mejias (1 NY 2d 575, 581), People ex rel. Kropp v Shepsky (305 NY 465, 467), and most recently in Matter of Kurtis v Ballou (33 AD2d 1034).
In the latter case, the court reversed an order of the Family Court of Westchester County denying a hearing to the foster parents, on a habeas corpus proceeding brought by the local Commissioner of Social Services to recover custody of placed children, on the grounds that the aforesaid foster parents had no standing to contest the commissioner’s decision of removal. Citing Finlay v Finlay (supra), and other cases, the court held: " 'In the proceeding at bar it is not respondent’s [commissioner’s] judgment as to what is for the best interests of the child, but that of the court which is determinative. The custody of an infant many not be controlled by the established practice of an organization no matter how noble its motive may be. Like any other qualified witness, respondent was entitled to present proof before the court, but the responsibility for determining what course would aid the child’s welfare is solely and independently the duty of the court in the exercise of its broad powers to deal with the custody of infant children.’ ” (Matter of Kurtis v Ballou, supra, pp 1034-1035; citation omitted.)
Accordingly, this court finds that the instant petition is appropriate and this court has jurisdiction therein, and said petit a may properly be brought in the name of the infant subject of the proceeding. Although section 392 of the Social Services Law or a proceeding under CPLR article 78 are proper alternative remedies that may be pursued on behalf of the foster parents, the availability of such remedies does not work to exclude the infant herein from pursuing a remedy by way of a section 651 Family Court action.