OPINION OF THE COURT
Jerome M. Becker, J.
Defendant is charged with violating section 120.05 of the Penal Law in that he allegedly assaulted his four-year-old son, Mark Duignan with whom defendant holds visitation rights under divorce decree previously issued by the Supreme Court.
This court is now issuing a temporary order of protection on behalf of Mark Duignan and his grandmother Cicilia Reynolds pursuant to CPL 530.11. Such order prohibits, among other acts, any and all visits by defendant with his son. While such order might appear to be in derogation of a decree of a superior court, this court finds such issuance proper. CPL 530.11 empowers this court to issue a temporary order of protection as a condition of a pretrial release. Such order may be issued when a criminal action is pending involving a *352 complaint charging disorderly conduct, harassment, menacing, reckless endangerment, assault, attempted assault or attempted murder between spouses, parent and child, or between members of the same family or household.
The words of the statute are clear and unambiguous. Where such clarity exists, the court must so construe the statute as to give effect to the plain meaning of the words used. (Patrolmen’s Benevolent Assn. of City of N. Y. v City of New York, 41 NY2d 205.) In the instant case, defendant stands accused of assaulting his son. Defendant has applied for bail. This is the situation envisioned by CPL 530.11.
Not only do the words of the statute empower the court to issue this temporary order of protection, but also the legislative history of this law further compels the court to issue the instant order as a proper exercise in effectuating the purpose of the Legislature. (See Rankin v Shanker, 23 NY2d 111.)
CPL 530.11 was originally enacted as part of a legislative package giving concurrent jurisdiction to the Criminal and Family Courts over so-called "family offenses.” (L 1977, ch 449.) Prior to enactment of chapter 449 of the Laws of 1977, these orders of protection were available only in Family Court. With such orders now also available in Criminal Court, the victim of abuse would not forfeit this mechanism for protection based simply on the individual’s election of the criminal forum.
Thus, it becomes clear that the main thrust of this legislative enactment was to facilitate the processing of family offense cases while providing the victim with an effective and efficient mechanism for protection.
The victims for whose protection this legislative package was enacted are set out in section 812 of the Family Court Act and CPL 530.11. The class "parent and child” is enumerated without reference to the marital status of the parents. To deny the child victim of a family offense the protections intended by this statute simply because, as part of a divorce decree, the defendant parent had been granted visitation rights would be clearly contrary to legislative intent.
This temporary order of protection does not presume to alter the underlying rights and obligations which subsist between the victim’s parents as set out in a superior court decree.
However, the specifics of these parental rights and obliga *353 tians should not be determinative of the rights of the child. (Matter of Hicks v Bridges, 2 AD2d 335.) In the instant case, the Legislature has afforded this child the right to be protected during the pendency of this type of criminal action without regard to the marital status of the parents. This court would be derelict in its duties to so deny the child this protection.