Jerome B. E. Wolff, J.
This is a writ of habeas corpus in which the petitioner seeks the custody of two children who now reside with their mother, the respondent in the said proceeding. The facts are undisputed. The petitioner and respondent were married in the State of New York and resided herein for a period of time and then moved to the State of Indiana where they resided until July 21, 1964, when the respondent left Indiana with her children and arrived in the State of New York on July 22, 1964. On July 23, 1964, a summons and complaint *2 in an action for separation in Supreme Court in the State of New York was issued. Thereafter, on July 28,1964, a summons was issued in the State of Indiana by the husband as against the wife in an action for divorce. On July 29, 1964, the summons and the complaint in the action for separation as instituted in New York State, which also requested a determination as to the custody of the children, was served personally on the husband in the State of New York. Thereafter, on August 8, 1964, the wife was served with papers in reference to the divorce proceeding instituted by the husband in the State of Indiana. On August 14, 1964, the husband, by his attorney, served upon the wife’s attorney a notice of motion as to the pending separation action in the New York State Supreme Court. On August 18, 1964, the Indiana court made an award of temporary custody of the children to the husband based on the nonappearance of the wife. On August 21, 1964, a writ of habeas corpus was issued in the State of New York upon the application of the husband which was returnable in this court on the 25th day of August, 1964.
The issue on the writ of habeas corpus was limited to a determination on the law alone as to whether or not the order of the State of Indiana court granting temporary custody of the two children would have precedence over a court of the State of New York and whether or not the court in the State of New York would have jurisdiction to determine the custody of the said two children.
The courts of this State have the inherent right and jurisdiction to determine the custody of infants who are present within its boundaries.
“ It is the duty of the New York Supreme Court to determine the custody of minor children in this State and such determination is to be based solely on the welfare of the minors. The responsibility for the welfare of infants endows the court with the power to determine custody irrespective of the residence and domicile of the parents and prior custody orders in a foreign jurisdiction.” (Matter of Bachman v. Mejias, 1 N Y 2d 575, 581.)
“ The jurisdiction of a State to regulate the custody of infants found within its territory does not depend upon the domicile of the parents.” (Finlay v. Finlay, 240 N. Y. 429, 431.)
In the instant case, the respondent first instituted a separation action in this State. The petitioner was served personally within the State. Thereafter, the petitioner, after the separation action was commenced, sought redress within his own State by *3 means of a divorce proceeding. The decree of the Indiana court resulted in a temporary order granting custody of the children to the petitioner.
There has been no final adjudication by the Indiana court. Furthermore, the respondent has neither appeared in the Indiana court nor have the children been personally present within the court’s jurisdiction when the action was commenced or when the hearing was held or the decree granted. The respondent has not submitted to the Indiana court’s jurisdiction, nor has she flouted the dignity of the Indiana court.
This case is distinguished from the factual picture as outlined in the Matter of Lang v. Lang (9 AD 2d 401, 405, affd. 7 N Y 2d 1029). In the Lang case one child was within the jurisdiction of the .Swiss court, while the other infant was within the jurisdiction of the Supreme Court of the State of New York. Both mother and father had subjected themselves to the jurisdiction of the Swiss courts and the New York State court; and, in turn, had disobeyed their orders. The court expressed itself as follows: “ The answer is, of course, that the parents’ contempts of the courts must be a subordinate consideration. The solution, and this both parents readily concede, must depend solely on the children’s welfare”. The court recognized the problem that by enforcing its own decree it would result in a separation of the brothers which would not be in their best interest.
In People ex rel. Pritchett v. Pritchett (1 A D 2d 1009, affd. 2 N Y 2d 947) the court held that since the children resided within the State, Special Term had jurisdiction over their custody and that an Illinois decree being a temporary decree was not entitled to full faith and credit since it was not a final decree and even if it had been a final decree, the court would still exercise jurisdiction over the custody of the children.
The United States Supreme Court in May v. Anderson (345 U. S. 528) held that in an ex parte divorce proceeding wherein the husband obtained a divorce and custody of the children and the wife was served personally in another State wherein she resided with her children, that the divorce decree awarding custody was not entitled to full faith and credit pursuant to the Federal Constitution since a mother’s right to custody of her children is a personal right and cannot be cut off unless the court has jurisdiction over her in personam.
Accordingly, the decree of the Indiana court cannot be granted precedence over the jurisdiction of this court.
Since a separation action is now pending before the Supreme Court of this State in which a request has been made for a *4 determination of the custody of the children, the court, at that time, can examine into the factual situation concerning the welfare of the children. Until a determination is made by the Supreme Court, the children will remain with the mother pursuant to the order already made by this court.