Stanley Gabtenstein, J.
Respondent moves to dismiss the within person-in-need-of-supervision petition brought by the petitioner, her father, on grounds of lack of jurisdiction. The basis of her motion lies in her contention that: (A) the father is not a proper petitioner within the meaning of section 733 of the Family Court Act; and (B) the respondent is not a resident of the State of New York. The underlying facts, stipulated on the argument of this motion, are brief.
The respondent’s parents are divorced by a decree which awarded custody of the respondent to her mother who appeared in this proceeding pro se. The mother lives in the State of New Jersey and respondent lived with her from the time of the divorce decree until such time as the mother, feeling she could no longer effectively supervise her, caused respondent to come to New York to live with her father. Simultaneously, the mother wrote a letter addressed to the father purporting to transfer ‘ ‘ custody ’ ’ of respondent to her father. Respondent, by the Law Guardian, argues that the de facto “ custody” thus transferred is insufficient to confer upon the father the right to act as a petitioner. The court rejects this argument in view of the explicit terms of subdivision b of section 733 of the Family Court Act, conferring upon “ the parent or other person legally responsible for his care ’ ’, the right to bring on a person-in-need-of-supervision petition. The statute is totally silent concerning any purported requirement that a petitioner also have legal custody. This court is not inclined to read in a requirement left out by the Legislature.
Concerning the second argument, the court notes ‘ ‘ landmark ” law to the effect that physical presence of a child within this State is sufficient to place upon the State the right — indeed, the obligation — .to exercise jurisdiction for the protection of that child’s interests. (See Matter of Bachman v. Mejias, 1 N Y 2d 575; Matter of Pelaez v. Pelaez; 12 A D 2d 820; Maiben v. Maiben, 44 Misc 2d 1.) The court notes not only .the physical presence of the child within this State, but the actual domicile of the petitioning father and the full concurrence and submission to jurisdiction by the mother who took the trouble to come from Morristown, New Jersey in order to actively concur in this petition. Under these circumstances, the *408 court holds jurisdiction to be perfected (see May v. Anderson, 345 U. S. 528).
The court does not intend to shirk its responsibility to the respondent. On the law and on the facts, the motion is denied. Since immediate psychiatric attention is apparently required, this matter is to be recalendared immediately. Notify all parties of recalendared date.