THE PEOPLE OF THE STATE OF NEW YORK ex rel. EVERETT A. HUTCHINGS, Respondent, *v.* PETER A. MALLON, Warden of the City Prison, or WILLIAM HAUPTMAN, Defendants.

In the Matter of the Application of JOAB H. BANTON, as District Attorney of the County of New York, Petitioner, for an Order to Punish JOSEPH SHALLECK, Individually and as Attorney for EVERETT A. HUTCHINGS, Respondent, for Contempt of Court.

First Department, December 23, 1927.

Contempt — criminal contempt under Judiciary Law, §§ 750 and 753 — application by district attorney to punish attorney for alleged contempt in failing to furnish bail for client held for extradition — attorney, who had no knowledge that bail had not been furnished, is not guilty of contempt — duty rested on district attorney upon failure to furnish bail to move to vacate stay and to ask for immediate apprehension of client.

This is a proceeding to punish an attorney for contempt of court under sections 750 and 753 of the Judiciary Law for alleged misbehavior in his office or trust, for willful neglect or violation of duty, for deceit and abuse of a mandate of the Appellate Division, and for his willful disobedience of an order of the Appellate Division in moving and arguing before the Court of Appeals this case involving the extradition of his client without having furnished the bail specified in an order of the Appellate Division. It appears that the attorney's client was apprehended in this State at the request of the State of California; that the

First Department, December, 1927.      [Vol. 222

attorney applied for a writ of habeas corpus to review the decision of the Governor, and that the lower court discharged the attorney's client. Upon the appeal to the Appellate Division that decision was reversed but before the order of reversal was entered the attorney obtained from the Appellate Division an order to show cause why a stay should not be granted under the order about to be entered, pending the perfection and determination of an appeal to the Court of Appeals, and the show cause order contained a temporary stay. One week later the attorney obtained from the Appellate Division another order to show cause returnable on the same day as the first show cause order, requiring the district attorney to show cause why his client should not be admitted to bail pending the hearing and determination of the appeal to the Court of Appeals, and this order contained a temporary stay. Motions for a stay of proceedings and for bail were granted by the Appellate Division and separate orders entered thereon. The district attorney did not oppose the motion to admit the client to bail in the sum of $1,000 but did oppose the application for a stay. An appeal was duly prosecuted to the Court of Appeals and was there argued and on March 29, 1927, the order of the Appellate Division dismissing the writ of habeas corpus was unanimously affirmed. The attorney's client did not, however, furnish the bail required pending the appeal to the Court of Appeals, and a short time before the decision was rendered by the Court of Appeals he fled this State.

The attorney is not guilty of contempt on the ground that bail was not furnished by his client, for it does not appear that he had knowledge that his client had not furnished bail and the order requiring bail did not place the responsibility upon the attorney to procure the bail.

When the client failed to furnish bail as required by the order of the Appellate Division, it was the duty of the district attorney to at once move to vacate the accompanying order staying proceedings and to ask for the immediate apprehension of the attorney's client.

A separate order staying proceedings did not make the stay dependent upon the furnishing of bail but the district attorney could have moved to resettle that order so as to make it dependent on the giving of bail by the attorney's client. While that order remained in existence, the client was free from arrest by virtue of the stay and could not be arrested until that order was vacated or made subject to the furnishing of bail.

MOTION to punish Joseph Shalleck, individually and as attorney for Everett A. Hutchings, for a contempt of court.

*Joab H. Banton, District Attorney,* for the motion.

*Isidor J. Kresel* and *Bernard Hershkopf,* of counsel in opposition to the motion.

DOWLING, P. J. The judicial history of the main proceeding which was an order of habeas corpus in behalf of Everett A. Hutchings against the Warden of the City Prison, is to be found in 126 Miscellaneous, 591; 218 Appellate Division, 461; 245 New York, 521.

This is a motion by the district attorney for an order adjudging the respondent guilty and punishing him as and for a contempt of this court, for misbehavior in his office or trust; and a willful

neglect or violation of duty therein and for deceit and abuse of a mandate of this court, for his .willful disobedience of the order of this court in moving to, and arguing before, the Court of Appeals in the above-mentioned case as attorney for the aforementioned Everett A. Hutchings, without the bail of $1,000 specified and directed by the order of this court having been furnished; and why he should not receive such other and further punishment; or the People of the State of New York be granted such other and further relief, as to the court may seem just and proper.

The facts are not in dispute and are as follows:

In 1925 one Everett A. Hutchings was charged with being a fugitive from justice in this State and the State of California was then demanding his rendition from the Governor of this State, who on January 5, 1926, signed the rendition warrant. Thereupon the respondent Shalleck, as attorney for Hutchings, applied to the Supreme Court for a writ of habeas corpus to review the Governor's decision. Pending the determination thereof, Hutchings was admitted to bail, the bail being fixed at $1,000 in conformity with the suggestion of the agent of the State of California. Bail, furnished by a surety company, was given. On or about February 19, 1926, the learned justice at Special Term, Part 2, of the Supreme Court in the county. of New York, decided the application for the writ of habeas corpus in favor of Hutchings and discharged him from custody. Thereafter the district attorney appealed to this court from the order entered upon the decision aforesaid. On December 3, 1926, this court unanimously reversed the decision of the Special Term and directed that the order to be entered on its reversal be settled upon notice. On December 6, 1926, a copy of an order as proposed by the district attorney was served upon Shalleck, as Hutchings' attorney, with notice of settlement thereof for December eighth. On December 9, 1926, the proposed order was duly signed and filed. Meanwhile, and on December 7, 1926, Shalleck obtained from this court an order to show cause, returnable December seventeenth, why " a stay should not be granted under the order to be entered on the decision of the Appellate Division, First Department, which decision was rendered on the 3d day of December, 1926, pending the perfecting and determination of an appeal to the Court of Appeals." In that order to show cause there was a temporary stay, staying " all proceedings on the part of the District Attorney of the County of New York, the Warden of the City Prison, Detective William Hauptman, the Police Commissioner of the City of New York, and the People of the State of New York, the agent of the State of California .designated in the Governor's warrant, and all other persons for the carrying into execution the

First Department, December, 1927.     [Vol. 222

order to be entered in the Appellate Division on its decision and for the removal of the relator, Everett A. Hutchings, from the State of New York, to the State of California."

On December 14, 1926, Shalleck obtained from this court another order to show cause, also returnable December 17, 1926, " why the Relator should not be admitted to bail in the sum of One thousand ($1,000.00) Dollars pending the hearing and determination of the appeal from the Order of the Appellate Division of the Supreme Court, First Department, dated the 9th day of December, 1926, and the entry and service of an order thereon, to the Court of Appeals of the State of New York."   This order likewise contained a temporary stay, similar to that contained in the order to show cause obtained on December 7, 1926.

On December 24, 1926, the motions for a stay of proceedings and for bail were granted by this court and separate orders duly entered in conformity with the decision.   The district attorney did not oppose the motion to admit Hutchings to bail in the sum of $1,000, pending the appeal, but did oppose the application for a stay, but submitted no papers in opposition other than a memorandum.

In due course Shalleck prosecuted the appeal to the Court of Appeals.   On February 24, 1927, the said appeal appeared upon the calendar of the Court of Appeals.   Shalleck argued it on behalf of the relator, appellant, therein, and on March 29, 1927, the order of the Appellate Division was unanimously affirmed.   The order on remittitur was duly signed by a justice of the Supreme Court and was duly filed with the remittitur in the county clerk's office of the county of New York, and on April 7, 1927, a copy of the said remittitur was duly mailed to Shalleck, as attorney for the relator therein.

Inquiry then disclosed that the order of this court, dated December 24, 1926, admitting Hutchings to bail in the sum of $1,000 pending the determination of the appeal to the Court of Appeals, had not been complied with, in that no bail had been furnished. And it further developed that Hutchings had fled this State.

The district attorney contends " that the action and conduct of Shalleck, who was the attorney for said Hutchings, and who, as such attorney, applied for the order in the Appellate Division of the Supreme Court, staying proceedings and fixing bail for the purpose of appealing to the Court of Appeals, without said bail having been so furnished — have defeated, impaired, impeded and prejudiced a right or remedy of the People of the State of New York and of the People of the State of California; for, without said stay, proceedings would have been undertaken forthwith to deliver said Everett A. Hutchings into the custody of the agent of the State of

California, without the necessary delay incident to the appeal of the proceedings to the Court of Appeals," and that, therefore, he should be punished for contempt, pursuant to the provisions of sections 750 and 753 of the Judiciary Law.

Shalleck makes affidavit that when this court granted its order of December 24, 1926, admitting Hutchings to bail, he notified Hutchings that the motion for bail had been granted, and told him to procure bail of $1,000; that Hutchings said he would obtain it from the surety company as he had done before, and thereupon, Shalleck avers, he gave the matter no further attention. He knew nothing of Hutchings having failed to furnish bail when he argued the appeal in the Court of Appeals, and was not aware of it until April, 1927; that he does not know when Hutchings left this State, but he does know that Hutchings was in New York shortly after February 24, 1927, the day of the argument of the case in the Court of Appeals, because he then called at Shalleck's office, when the latter told him about the occurrences upon the argument, and that he saw him several times thereafter before March 29, 1927. Shalleck further avers that in the considerable period succeeding the making of order for bail on December 24, 1926, until April, 1927, he never received even the slightest information from the district attorney, or any one else, that bail had not again been given by Hutchings. He swears that he (Shalleck) had nothing to do with the furnishing of the first bail bond which was given by Hutchings to secure his release pending the argument of the order of habeas corpus to review the Governor's decision remanding him to California. That bond was obtained from a surety company by Hutchings himself. The amount of the bail was fixed at $1,000 in conformity with the suggestion of the agent of the State of California and with the consent of the district attorney. The smallness of the amount is astonishing in view of the importance attached to the case of Hutchings in the State of California where his parole or " ticket of leave " granted by the State Board of Prison Directors, corresponding to our State Board of Parole (now Division of Parole), had been revoked by the Governor on the ground of fraud in obtaining it and where the matter had become a political controversy between the Governor and certain county officials. The consent of the agent of the demanding State to the low bail indicates that he had no idea that Hutchings would flee this jurisdiction. The failure of the district attorney to object to bail in the same small sum pending appeal to the Court of Appeals indicates that he shared the same view.

We are not now concerned with apportioning liability for this miscarriage of justice among those responsible therefor, but only

with the determination of whether Shalleck is chargeable with any share thereof.

I do not see how Shalleck can fairly be held to have been guilty of any contempt of court or of any act which caused damage to the State or for which he should be disciplined. There was no direction issued to him to furnish bail. The court granted, without opposition, the motion made by Hutchings for an order admitting him to bail in the sum of $1,000 pending the determination of the appeal to the Court of Appeals. It was the duty of Hutchings to furnish that bail, as he had done before. In case of his failure to immediately furnish it, it was the duty of the district attorney to at once move to vacate the accompanying order staying proceedings pending the appeal and to ask for the immediate apprehension of Hutchings. It is not even shown that Shalleck knew of the failure to furnish bail, nor did the district attorney's office call his attention to the omission and call upon him to act until April 5, 1926, when Hutchings had absconded.

It is to be specially noted that at the time this court reversed the Special Term, Hutchings was subject to arrest. The district attorney could then have initiated steps looking to his incarceration. Shalleck obtained a separate order staying all proceedings, which was granted unconditionally and without making as a condition therefor the furnishing of the bail required by the order which provided for the giving of bail alone and contained no provision for a stay. The district attorney's hands were then tied, but could have been immediately untied had he moved to resettle the order granting a stay, by making it depend on the giving of bail, or by consolidating the two orders in one. He did nothing. Hutchings was then free from arrest by virtue of the stay, nothing further had to be done to continue his freedom, and the next step was up to the district attorney, namely, to vacate the stay to the extent of taking him into custody, if not to return him to the demanding State. For this step he had the period from December 24, 1926, until February 24, 1927, but he did nothing.

The most careful examination of the moving papers herein fails to disclose any reasonable ground on which Shalleck can be held guilty of contempt of court or of any other act of his calling for punishment.

The motion should, therefore, be denied.

Finch, McAvoy, O'Malley and Proskauer, JJ., concur.

Motion denied.