SELMA HERZOG, Respondent, v. HERMAN HERZOG, Appellant.— Motion for reargument denied, with ten dollars costs. Motion for leave to appeal to the Court of Appeals denied. Present — Lazansky, P. J., Young, Carswell, Scudder and Tompkins, JJ.

In the Matter of the Application of THE PEOPLE OF THE STATE OF NEW YORK, upon the Application of NICOLA BRUZZESE, Appellant, for a Mandamus Order against THE DEPARTMENT OF HEALTH OF THE CITY OF NEW YORK, Respondent.— Motion for leave to appeal to the Court of Appeals denied. Present — Lazansky, P. J., Young, Carswell, Scudder and Tompkins, JJ.

In the Matter of the Application of EMILY MARX, Petitioner, for an Order of Prohibition against WALTER J. HOLLORAN and Hon. BURT JAY HUMPHREY, Respondents.— Motion for order of prohibition denied, without costs. (1) The court was not without jurisdiction of the habeas corpus proceeding. The custody of children, except when adjudged as an incident to an action for divorce or separation, is to be determined in a habeas corpus proceeding. (Dom. Rel. Law, § 70;* *Finlay* v. *Finlay*, 240 N. Y. 429, 431; *People ex rel. McCanliss* v. *McCanliss*, 255 id. 456, 462.) (2) The existence of a court order temporarily passing upon the custody of children is not a bar to the right of a parent to a writ of habeas corpus to have that custody passed upon. (*People ex rel. Riesner* v. *N. Y. N. & C. Hospital*, 230 N. Y. 119.) The existence of an injunction order respecting the custody of the children made in an annulment action pending in another county and purporting to pass upon their temporary custody, whether that order was valid or invalid, presented no bar to a habeas corpus proceeding, so far as concerned the right of the court to entertain jurisdiction of such a proceeding, as such an order did not oust the Special Term of jurisdiction. (3) An order of prohibition is not favored by the courts; it may only be had in the exercise of discretion when no adequate remedy is available. Here a remedy by appeal is available if an improvident order be made. (*People ex rel. Livingston* v. *Wyatt*, 186 N. Y. 383, 393.) Present — Lazansky, P. J., Young, Carswell, Scudder and Tompkins, JJ.

In the Matter of the Application of BROOKLYN BAR ASSOCIATION in Respect of MORRIS SCHEINICK, an Attorney and Counselor at Law.— The attitude of the complainant indicates the truthfulness of respondent's story with reference to the transaction between them. The attorney expresses regret for his inattention to the communication of the bar association. The charges are dismissed. Lazansky, P. J., Kapper and Hagarty, JJ., concur; Carswell and Davis, JJ., dissent and vote to refer the matter to an official referee.

In the Matter of the Application of HUGO SEIDENBERG and ROSE SEIDENBERG, Appellants, for a Mandamus Order against EDWARD P. BURWELL, Superintendent of the Bureau of Buildings, Borough of Queens, City of New York, Respondent.— Motion for leave to appeal to the Court of Appeals denied. Present — Lazansky, P. J., Young, Carswell, Scudder and Tompkins, JJ.

* Amd. by Laws of 1923, chap. 235.— [REP.