In the Matter of PETER L. BURDE, a Minor Child. YVONNE C. DOWSEY, Appellant; MINOLA C. SMITH, Respondent.

Third Department, March 11, 1959.

*Sidney H. Kitay* for appellant.

*Benjamin Heller* and *Lawrence X. Dalton* for respondent.

FOSTER, P. J. This is an appeal from an order of the St. Lawrence County Court which vacated an order of adoption, declared the same to be void *ab initio,* and directed the surrender of the adoptee to his natural mother.

The petition and supporting affidavits upon which the order was based alleged substantially the following facts. Respondent is the mother of an infant boy born out of wedlock on November 19, 1946. On September 23, 1947 she relinquished possession of the child for the purpose of adoption to one C. Malcolm Dowsey, and his then wife Florence Petit Dowsey, and signed a consent for such adoption. Prior to any order of adoption which was not executed until five or six years later, Florence Petit Dowsey obtained a decree of divorce against C. Malcolm Dowsey but permitted him to retain custody of the child. Again, prior to any order of adoption, Dowsey subsequently married one Rose Walker, who died in July, 1951. Subsequently he remarried his first wife, Yvonne C. Dowsey, the appellant herein, who had been divorced from him in 1940. On July 23, 1953 the County Court of St. Lawrence County granted an order of adoption of the said infant to C. Malcolm Dowsey and his then wife, Yvonne C. Dowsey.

In this proceeding respondent, the natural mother, alleged that she never consented to such adoption so far as Yvonne C. Dowsey was concerned, and had no notice of the proceeding leading to the adoption order, and she asked to have the order of adoption set aside. Yvonne C. Dowsey, appellant herein, filed an answer in this proceeding in which she denied any knowledge or information sufficient to form a belief as to the truth of the allegations in the petition, and asked for a hearing. She also set up several affirmative defenses, one to the effect

that as a result of an action instituted in the Supreme Court of St. Lawrence County an order was made on December 7, 1956, which, among other things, awarded to her the custody of the infant during the pendency of the action; and that such action was still undetermined. We learn from another record currently on appeal in this court, involving a contempt order against Dowsey, that the action referred to in appellant's answer herein was one brought by Dowsey for an annulment of their marriage, or in the alternative, a separation.

Appellant set up a further defense in this proceeding that respondent's application to have the order of adoption set aside was not brought in good faith; that petitioner was motivated solely by an offer of $1,000 made to her by Dowsey to bring the proceeding herein so that he could secure physical custody of the child, and avoid the order of the Supreme Court which had given temporary custody to appellant. There is a color of plausibility to this defense because there is proof in the record on appeal from the contempt order against Dowsey that after the order of adoption was vacated in this proceeding the respondent natural mother entrusted the care and custody of the infant to Dowsey, who apparently still has the infant under his direction and control.

By an order dated November 14, 1958 the County Court vacated the order of adoption without a trial of the issues raised, and without the appointment of a special guardian to represent the interests of the infant. As heretofore indicated the order of vacatur also directed the surrender of the child to its natural mother or her attorney. So far as it appears the order of the Supreme Court giving temporary custody to the appellant herein was in force and effect when this proceeding was commenced, and was also extant when the County Court order vacating the order of adoption was entered.

From the foregoing it is clear that the summary disposition of this proceeding by the County Court was improper, although it may have been made upon the theory that the order of adoption was void because the natural mother asserted she had no notice of the proceeding and did not consent to the adoption. It is also apparent that an unseemly conflict of jurisdiction has arisen that is repugnant to the orderly exercise of judicial process (*Matter of Lee*, 220 N. Y. 532). Without considering for the moment the conflict of jurisdiction appellant at least was entitled to a trial of the issues raised in this proceeding. Moreover the welfare of the child, not represented at all, required careful consideration which could not be adequately given upon pleadings and affidavits alone.

As we have intimated the order of the County Court vacating the order of adoption should be reversed, but to merely do that and direct a trial of the issues in the County Court would not effectually cure the situation; and would simply lead to more perplexing difficulties in view of the action pending in the Supreme Court to which, of course, the natural mother is not a party; and above all because underlying the legal maneuvers taken there is the issue of custody. Doubtless a County Court has jurisdiction, where there are not other complications, to annul an order of adoption when the same has been obtained without compliance with the statute, but it does not have the jurisdiction to determine custody when a challenge is presented; only the Supreme Court may resolve that issue (*People ex rel. Kropp* v. *Shepsky,* 305 N. Y. 465, 467). Moreover in this case the Supreme Court had actually acted upon an issue of custody when the County Court vacated its previous order of adoption and in effect awarded custody to the natural mother. This was an improper assumption of power and in conflict with an order of the Supreme Court (*Matter of Gilmore,* 264 App. Div. 172; *Finlay* v. *Finlay,* 240 N. Y. 429; *Matter of Marx* v. *Holloran,* 236 App. Div. 680). So far as jurisdiction in adoption proceedings is concerned the statutory scheme does not give to the Supreme Court the power to grant or abrogate adoptions per se (Domestic Relations Law, art. 7). The Supreme Court however, as the guardian of all infants, has inherent power to decree custody in a proper case by way of habeas corpus, or even by a direct petition invoking the chancery powers of the court (*Finlay* v. *Finlay, supra*; *Matter of Bopp,* 58 N. Y. S. 2d 190). And in the exercise of its broad jurisdiction the Supreme Court has ample power to promote the welfare of a child notwithstanding a legal adoption; indeed there is authority to indicate that it may question the validity of an adoption or even annul the same (*Matter of McDevitt,* 176 App. Div. 418; *Matter of Ziegler,* 161 App. Div. 589; *Matter of Connolly,* 154 Misc. 672).

In view of the foregoing and the complicated situation it presents it is our opinion that the Supreme Court with its unlimited jurisdictional and broad equitable powers is the only suitable forum for an appropriate proceeding in which all parties can be heard and the issue of custody fairly decided.

The order therefore should be reversed and the proceeding dismissed, without costs.

Coon, Gibson, Herlihy and Reynolds, JJ., concur.

Order reversed and proceeding dismissed, without costs.