In Matter of FRANK FERRARO et al., Petitioners, v. SUPREME COURT, COUNTY OF QUEENS, et al., Respondents. In the Matter of MILTON KELLOG, Petitioner, v. SUPREME COURT, COUNTY OF QUEENS, et al., Respondents.—

Rabin, P. J., Hopkins and Martuscello, JJ., concur, with the following memoranda: Hopkins, J., votes for the dismissal of the proceedings, with the following memorandum: A proceeding under article 78 of the CPLR may not be used to challenge a determination in a criminal matter (CPLR 7801, subd. 2). The traditional purpose of prohibition is to stop proceedings by a body or officer without or in excess of jurisdiction (CPLR 7803, subd. 2). That purpose is not what the petitioners in reality are seeking by the present application. It can hardly be claimed that the Supreme Court, Queens County, does not have jurisdiction over both the subject matter of the indictment and the persons of the petitioners. Nor can it be said that the trial court acted beyond its jurisdiction in denying the petitioners' motions to dismiss the indictment. What the petitioners' grievance actually is is that they are dissatisfied with the court's ruling. But if the petitioners are right in their contention, an appeal lies to review that ruling in the event that they are convicted after a trial (cf. CPLR 7801, subd. 1; Code Crim. Pro., § 517). Prohibition cannot be invoked as a substitute for an appeal (Matter of Burton v. Marshall, 20 N Y 2d 797; Matter of Bloeth v. Marks, 20 A D 2d 372). Only where the defendant in a criminal action will be put in double jeopardy will the second prosecution be prohibited (Matter of Kraemer v. County Court of Suffolk County, 6 N Y 2d 363; Matter of Mack v. Court of Gen. Sessions of County of N. Y., 14 A D 2d 98), on the ground that one should not be harassed by a second trial on the same charge. Nevertheless, other rulings in the course of a criminal action, even though involving constitutional rights, cannot trigger prohibition (Matter of Blake v.

*Hogan,* 25 N Y 2d 747 [claim of denial of speedy trial]; *People* v. *Fitzpatrick,* 34 A D 2d 730 [waiver of jury trial]; *Matter of Saunders* v. *Lupiano,* 30 A D 2d 803 [jury trial for youthful offender]; *Matter of Wilson* v. *Gallucci,* 32 A D 2d 784 [denial of subpoena on behalf of a defendant]; cf. *Matter of Greater N. Y. Corp. of Seventh Day Adventists* v. *Commission on Human Rights of City of N. Y.,* 27 N Y 2d 898). Hence, I do not reach the question whether section 518-a of the Code of Criminal Procedure is a complete defense to the charges against the petitioners, and I express no opinion at this time on that issue. Rabin, P. J., votes to dismiss the proceedings for the reasons stated in the memorandum of Hopkins, J., with the further memorandum: While I agree that the instant proceeding under article 78 of the CPLR has been improperly brought, I note that were I to vote on the merits herein I would, nonetheless, vote to dismiss the writs on the grounds that where a suppression order has been sustained on appeal, section 518-a of the Code of Criminal Procedure does not bar the prosecution of existing criminal charges in the indictment where those charges do not involve the property suppressed. Martuscello, J., votes to dismiss the proceedings on the ground that, on the record before this court, it is impossible to determine whether the remedy of a writ of prohibition should be invoked. I am of the view that this court could grant the relief sought where relators clearly establish that the record indicates that the remaining charges on which the District Attorney seeks to proceed involve the suppressed evidence. Even though other remedies, such as an appeal from any judgment of conviction which results from the indictment, may be available, if it were clearly shown on the record that the remaining counts of the indictment involve the suppressed evidence, this court would have jurisdiction to grant the writ (*Matter of Murtagh* v. *Leibowitz,* 303 N. Y. 311; *Matter of Hogan* v. *Court of Gen. Sessions of County of N. Y.,* 296 N. Y. 1; see, also, *Matter of Lee* v. *County Ct. of Erie County,* 27 N Y 2d 432). However, on the record before us, I cannot conclude that the relators have established that the remaining counts of the indictment involve the suppressed evidence. Accordingly, the writs should be dismissed and relators left to pursue their claims on appeal should a conviction be had. I am also of the view that the District Attorney's statement pursuant to section 518-a of the Code of Criminal Procedure does not estop him from proceeding on any counts of the indictment which do not involve the suppressed evidence. That section bars only "the filing of any criminal charge * * * involving the property in question, and * * * the prosecution of any existing criminal charge against the moving party involving the property * * * in question". Accordingly, the filing of a statement pursuant to section 518-a, to enable the People to appeal from an order suppressing evidence, bars only further prosecution of those counts of the indictment which involve the suppressed evidence and does not bar the further prosecution of any other counts. Munder, J., dissents and votes to sustain the petitions with the following memorandum, with which Latham, J., concurs: The District Attorney, availing himself of the opportunity to review an order of the Supreme Court, Criminal Term, suppressing the use of physical evidence illegally seized, filed the statement required by section 518-a of the Code of Criminal Procedure. His affidavit stated as follows: "In the undersigned's opinion the deprivation of the use of the property in evidence has rendered the sum of the proof available to the People with respect to the indictment so weak in its entirety that any reasonable possibility of prosecuting such a charge to a conviction has been effectively destroyed." The order of suppression was affirmed by this court (*People* v. *Asaro,* 34 A D 2d 968), and leave to appear to the Court of Appeals was denied. The indictment referred to in this case consists of 14 counts, against several defendants, the first

two counts charging all the defendants with conspiracy to commit arson and conspiracy to violate section 1895 of the former Penal Law (Endangering life by maliciously placing explosives near a building). The remaining counts severally charge individual defendants with possession of weapons. The present proceeding was brought to restrain further proceedings, including the trial of the indictment, and for an order of dismissal, on the ground that section 518-a of the Code of Criminal Procedure bars its prosecution. Section 518-a, in pertinent part, reads: " In taking an appeal from an order granting a motion for the return of property or suppression of evidence * * * the people must file * * * a statement asserting that the deprivation of the use as evidence of the property ordered to be returned or suppressed * * * has rendered the sum of the proof available to the people with respect to a criminal charge * * * so weak in its entirety that any reasonable possibility of prosecuting * * * to a conviction has been effectively destroyed. The taking of such an appeal and the filing of such a statement shall constitute a bar to * * * (2) the prosecution of any existing criminal charge against the moving party involving the property * * * in question, unless and until the order of return or suppression is reversed on appeal and vacated." The District Attorney now contends that, while without the physical evidence he cannot successfully prosecute the individual 12 counts of the indictment, he does have sufficient other proof in support of the two conspiracy counts. On argument the District Attorney conceded that not only had the intent been to use such physical evidence on the trial of the conspiracy counts, but the sum of the proof on such counts would have been stronger with that evidence. Undoubtedly all of such proof in combination was before the Grand Jury that returned the indictment. Whatever the situation, it seems to me that when the District Attorney availed himself of the opportunity to appeal, as specially authorized by section 518-a, and filed a formal certificate, pursuant to that section, without limiting its effect to specific counts of the indictment, which he readily could have done, he must be bound thereby and precluded from now urging freedom from the statutory bar of prosecution which follows his failure to procure a reversal on appeal. It also seems to me that defendant should not be required to stand trial and then appeal if convicted before he can seek relief. In other words, appeal would not provide a satisfactory remedy (*Matter of Lee* v. *County Ct. of Erie County*, 33 A D 2d 1093, mod. 27 N Y 2d 432). Furthermore, the issue in this case, namely, the effect of a prosecutor's statement under section 518-a, is an unusual one, and, as far as I can judge, one of first impression (cf. *Schlagenhauf* v. *Holder*, 379 U. S. 104, 110). Under all these circumstances, prohibition is the proper remedy.