Jasen, J.
(dissenting). Inasmuch as I am unable to agree with the majority’s conclusion that the extraordinary writ of *189 prohibition lies in this case, I respectfully dissent and would vote to reverse the judgment of the Appellate Division and dismiss the petition. Were I to reach the issue whether CPL 450.50 (subd 2) bars the prosecution of the four counts of murder embodied in the superseding indictment, I would hold, in the context of this case, that this statutory provision does not preclude subsequent prosecution.
In Matter of Kellog v Supreme Ct., County of Queens (29 NY2d 615), this court considered the precise issue raised herein, to wit: whether the writ of prohibition should be available to a criminal defendant to challenge the trial court’s jurisdiction over the subject matter of an indictment upon the ground that section 518-a of the Code of Criminal Procedure (the predecessor of CPL 450.50) prohibits prosecution of the charges contained in that indictment. In upholding the decision of the Appellate Division, that prohibition did not properly lie, this court stated in clear and unequivocal terms that "[w]e find nothing in this case to warrant resort to the extraordinary remedy of prohibition.” (Id., at p 616 [emphasis added].)
While I would think principles of stare decisis* themselves would require that the petition be dismissed in this case, there exists an additional, but nonetheless compelling, reason not to deviate from our holding in Kellog. The traditional purpose of prohibition is to restrain a lower court from acting without or in excess of its jurisdiction. (See Matter of Vega v Bell, 47 NY2d 543, 546-547; Matter of State of New York v King, 36 NY2d 59, 62; CPLR 7803, subd 2; Comment, The Writ of Prohibition in New York — Attempt to Circumscribe an Elusive Concept, 50 St John’s L Rev 76.) As Justice Hopkins perceptively observed at the Appellate Division in the Kellog case, "[t]hat purpose is not what the petitioners in reality are seeking by the present application. It can hardly be claimed that the Supreme Court * * * does not have jurisdiction over both the subject matter of the indictment and the persons of the petitioners. Nor can it be said that the trial court acted beyond its jurisdiction in denying the petitioners’ motions to dismiss the indictment.” (Matter of Kellog v Supreme Ct., County of Queens, 36 AD2d 841, affd 29 NY2d 615.)
Petitioner in this case, as in Kellog, is not challenging the *190 jurisdiction of Supreme Court per se, but, rather, is seeking to invoke the writ of prohibition as the procedural mechanism to register his dissatisfaction with Supreme Court’s determination denying his motion to dismiss the indictment. The propriety of such ruling, however, could be challenged by petitioner on appeal if he was ultimately found guilty at trial. As this court has stated on numerous occasions, prohibition will not usually lie "if there be an adequate remedy by way of appeal” (Matter of Roberts v County Ct. of Wyoming County, 34 NY2d 246, 249; see, e.g., La Rocca v Lane, 37 NY2d 575, 579; Matter of Lee v County Ct. of Erie County, 27 NY2d 432, 437). Indeed, it has been observed that this principle retains its vitality even if it could be said that the court acted in excess of its jurisdiction or power. (See, e.g., Matter of State of New York v King, 36 NY2d 59, 62, supra.)
Thus, in accordance with this well-established body of case law, I would hold, as a matter of law, that the Appellate Division abused its discretion in entertaining petitioner’s claim and issuing the writ. I find no basis to depart from our holding in Kellog and cannot endorse the majority’s strained distinction of that case. Accordingly, I would dismiss the petition.
If it were to reach the merits of this appeal, I would hold, in the context of the particular facts of this case, that CPL 450.50 (subd 2) does not preclude prosecution of the charges contained in the superseding indictment. While I do not necessarily disagree with the majority’s conclusion that the language of CPL 450.50 (subd 2) should be construéd to encompass within its scope of prohibition all charges contained in the original indictment, I cannot endorse the position that the provisions of CPL 450.50 (subd 2), even if so construed, should work to prohibit the prosecution of the charges contained in a superseding indictment if such charges are predicated upon newly discovered evidence.
Here, although it is true that the District Attorney was aware of the codefendant’s oral promise to testify on the People’s behalf at the time he filed the statement required by CPL 450.50 (subd 1), the District Attorney did not actually have the codefendant’s testimony until she testified under oath before the second Grand Jury, several months after the District Attorney filed the 450.50 (subd 1) statement. Prior to that time, the District Attorney merely had the tacit promise *191 of the codefendant to testify against the defendant. Such a promise to testify can hardly be considered "available” evidence for use by the prosecutor in a criminal prosecution against the defendant. The possibility remained, as it frequently does with criminal codefendants, that this prospective witness might renege on her promise to co-operate and would refuse to testify on the People’s behalf at the time of her appearance before the second Grand Jury. Thus, contrary to the majority’s assertion, this is not a case in which the District Attorney is attempting to denominate as "newly discovered” evidence testimony which was actually "available” to him at the time the CPL 450.50 (subd 1) statement was filed.
Nor do I believe that CPL 450.50 (subd 2) should be construed as prohibiting the prosecution of a superseding indictment, although containing the same charges embodied in the original indictment, when the superseding indictment is based upon newly discovered evidence, such as in this case. Nowhere can it be found that the Legislature intended that in every instance a criminal defendant should be forever immune from prosecution stemming from particular criminal conduct once the People appeal an interlocutory order of a criminal court suppressing evidence and are unsuccessful on that appeal. Such a construction of CPL 450.50, in my opinion, would only work to proliferate the instances where legal technicalities serve to encumber our system of criminal justice. This is not to say that courts should condone, or indeed tolerate, abuses of the appellate procedure allowing the People to appeal orders suppressing evidence. However, in cases such as this, where evidence of murder not previously available to the District Attorney later becomes available, CPL 450.50 should not be applied blindly to prohibit the prosecution of the murder charges embodied in a superseding indictment. In view of today’s holding, legislative action is required.
Chief Judge Cooke and Judges Jones, Wachtler, Fuchs-berg and Meyer concur with Judge Gabrielli; Judge Jasen dissents and votes to reverse in a separate opinion.
Judgment affirmed, with costs.

 (See Matter of Higby v Mahoney, 48 NY2d 15; Baden v Staples, 45 NY2d 889; People v Hobson, 39 NY2d 479.)