■ In the Matter of Lawrence T. Kurlander, as District Attorney of Monroe County, Petitioner, v Donald J. Mark, as Judge of Monroe County Court, et al., Respondents.—Petition unanimously dismissed, without costs. Memorandum: At the request of Florida officials in June, 1980 one Giselle Billiski was arrested in New York State on a fugitive warrant and was brought before respondent, a Judge of Monroe County Court, for arraign- ment. Billiski was released on bail fixed by the court. On several adjourned dates in July and August she duly appeared. On August 28 she was arraigned before the court on the New York Governor's rendition warrant of extradition to Florida, on a charge of grand theft in the second degree. At that time by order to show cause Billiski instituted a habeas corpus proceeding returnable in Monroe County Court on September 8 (see CPL 570.24); and over objection of petitioner, the Monroe County District Attorney, she was continued on bail. Contending that the court was without jurisdiction to release Billiski on bail following her arraignment under the Governor's rendition warrant (see CPL 570.38), the District Attorney instituted this article 78 proceeding for a writ of prohibition against such continuing release by respondent Mark. Although the rendition warrant is a part of a criminal proceeding, as to which there is no statutory provision for bail in this situation (see CPL 570.38), the statute expressly contemplates that the accused may apply for release through a habeas corpus proceeding (CPL 570.24; see *People ex rel. Corkran v Hyatt,* 172 NY 176, affd 188 US 691). The latter proceeding is governed by CPLR 7009 (subd [e]) which expressly authorizes the court to admit such accused to bail, and respondent acted within his authority in admitting the accused to bail *(People ex rel. Pray v·Allen,* 63 AD2d 1056, mot for lv to app and for stay of extradition and for *continuance* of bail den 45 NY2d 774 [emphasis added]; *People ex rel. Hutchings v Mallon,* 222 App Div 243; *People ex rel. Lewis v Commissioner of Correction of City of N. Y.,* 100 Misc 2d 48, 56). Petitioner's remedy, therefore, if any, is by appeal *(People ex rel. Weisenfeld [Cifone] v Warden, N. Y. Detention Facility at Riker's Is.,* 37 NY2d 760; *Matter of Roberts v County Ct. of Wyoming County,* 34 NY2d 246, 248-249). (Art 78.) Present—Dillon, P. J., Cardamone, Schnepp, Doerr and Witmer, JJ.

■ The People of the State of New York, Respondent, v Philip S. Whaley, Appellant.—Judgment unanimously reversed, plea vacated and matter remitted to Onondaga County Court for further proceedings on the indictment. Memorandum: The District Attorney with commendable candor has conceded that appellant, taken into custody pursuant to an arrest warrant based on a felony complaint, may not waive his constitutional rights in the absence of counsel. Appellant's oral statements were thus incorrectly held to be admissible, and must be suppressed *(People v Samuels,* 49 NY2d 218) and his plea of guilty vacated *(People v Harris,* 48 NY2d 208). (Appeal from judgment of Onondaga County Court—assault, second degree.) Present—Dillon, P. J., Cardamone, Schnepp, Doerr and Witmer, JJ.