■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH HERMAN, Appellant. — Judgment unanimously reversed, plea vacated and matter remitted to Onondaga County Court for further proceedings on the indictment. Memorandum: Defendant could not waive his rights, in the absence of counsel, once he had been taken into custody pursuant to an arrest warrant: therefore, his oral and written statements must be suppressed (*People v Samuels,* 49 NY2d 218). Although defendant was arrested prior to the decision in *People v Samuels* (*supra*), it must be given retroactive application and the issue of deprivation of effective assistance of counsel may be raised for the first time on appeal (*People v Pepper,* 53 NY2d 213; *People v Greenwood,* 81 AD2d 1038). Since it cannot be said with certainty that the failure to suppress the statements played no part in defendant's decision to plead guilty, the plea must be vacated (*People v Harris,* 48 NY2d 208; *People v Whaley,* 78 AD2d 588). (Appeal from judgment of Onondaga County Court, Cunningham, J. — attempted burglary, second degree.) Present — Dillon, P. J., Hancock, Jr., Callahan, Doerr and Moule, JJ.

■ JOHN DI BIASE et al., Plaintiffs, v CITY OF NORTH TONAWANDA et al., Defendants and Third-Party Plaintiffs. BISON PAINTING & DECORATING CORP., Third-Party Defendant and Fourth-Party Plaintiff-Appellant; JOHN DI BIASE, Fourth-Party Defendant-Respondent. — Order unanimously affirmed, with costs (see *Smith v Hooker Chem. & Plastics Corp.,* 83 AD2d 199). (Appeal from order of Erie Supreme Court, Ostrowski, J. — fourth-party complaint negligence.) Present — Simons, J. P., Hancock, Jr., Doerr, Denman and Schnepp, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. JAMES WENTSLEY, Respondent, v JOHN C. DILLON, as Sheriff of Onondaga County, Respondent, and EDWARD HAMMOCK, as Chairman of the New York State Board of Parole, Appellant. — Judgment unanimously reversed and petition dismissed. Memorandum: Relator contends that the hearing officer improperly adjourned his final parole revocation hearing to a subsequent date within the required 90-day period without relator's consent (see Executive Law, § 259-i, subd 3, par [f], cl [i]). Respondent contends that its rules permit such an adjournment when reasonable and that the statute requires consent only if the adjournment extends the final hearing beyond the 90 days. The rules of the Division of Parole provide that "[a] request for an adjournment of a hearing already in progress may be granted in the discretion of the presiding officer * * * for good cause" (9 NYCRR 8005.17 [c] [4]) and "[t]he presiding officer, on his own motion, may adjourn or postpone the hearing, having due regard for the interests of all parties" (9 NYCRR 8005.17 [c] [5]). The division has interpreted these rules to permit this adjournment without the consent of the relator and the division's interpretation of its own regulations should be accorded great weight (see *People ex rel. Knowles v Smith,* 54 NY2d 259). Moreover, nothing in the record suggests that unfairness or prejudice to relator resulted from the adjournment granted here to permit the Board of Parole to investigate why its key witness failed to testify (see *People ex rel. Calloway v Skinner,* 33 NY2d 23, 31). Since the witness' prior co-operation gave sufficient reason to believe he would co-operate at the hearing, his refusal to answer questions when called constituted a constructive absence which rendered adjournment by the hearing officer to permit investigation reasonable (see *United States v Brasco,* 516 F2d 816, cert den 423 US 860). (Appeal from judgment of Onondaga Supreme Court, Gorman, J. — habeas corpus.) Present — Simons, J. P., Callahan, Denman, Moule and Schnepp, JJ.