LEROY H. STRACHAN, Petitioner, v BRENDA SOLOFF, as Justice of the Supreme Court, County of New York, Respondent.

THE PEOPLE OF THE STATE OF NEW YORK ex rel. LEROY H. STRACHAN, Appellant, v JOSEPH COLON, as Warden, Manhattan House of Detention, Respondent.

First Department, May 2, 1990

APPEARANCES OF COUNSEL

*William M. Kunstler* for petitioner.

*Alex V. Hernandez* of counsel *(Robert M. Morgenthau, District Attorney,* attorney), for Joseph Colon, respondent.

### OPINION OF THE COURT

KUPFERMAN, J. P.

In response to a request that a petitioner be returned to the State of Florida to face a charge of murder in the first degree stemming from the 1946 shooting and killing of a Miami police officer (notably the first black member of the police force in Miami), the Governor of New York State issued, on April 2nd, a warrant to the Police Commissioner of New York City to arrest the petitioner for the purpose of extradition.

Before the Governor of New York received the requested warrant from the Governor of Florida and before the Governor of New York issued the rendition warrant, the petitioner sought a writ of habeas corpus, which was denied as premature as was his application for bail, on the ground that CPL 570.38 deprived the court of jurisdiction to grant such application. The denial of the application for bail was affirmed by this court.

After the signing and issuance of the rendition warrant, a further petition for habeas corpus and an application for bail was made and was again denied on the ground of lack of jurisdiction or authority in the court to grant either relief. This CPLR article 78 proceeding and appeal followed.

CPL 570.38 provides as follows:

"Bail; in what cases; conditions of bond

"Unless the offense with which the prisoner is charged is shown to be an offense punishable by death or life imprisonment under the laws of the state in which it was committed, a justice of the supreme court or county judge in this state may admit the person arrested to bail by bond or undertaking, with sufficient sureties, and in such sum as he deems proper, conditioned for his appearance before him at a time specified in such bond or undertaking but not later than thirty days after the examination referred to in section 570.36 and for his surrender, to be arrested upon the warrant of the governor of this state."

Because the charge is murder in the first degree, the People contend that the exception in CPL 570.38 applies and that bail cannot be considered.

Bail following the issuance of the warrant is governed by CPLR 7009 (e), which provides as follows: "Custody during proceeding. Pending final disposition, the court may place the person detained in custody or parole him or admit him to bail as justice requires."

In *Matter of Kurlander v Mark* (78 AD2d 588), it was held that: "Although the rendition warrant is a part of a criminal proceeding, as to which there is no statutory provision for bail in this situation (see CPL 570.38), the statute expressly contemplates that the accused may apply for release through a habeas corpus proceeding (CPL 570.24; see *People ex rel. Corkran v Hyatt,* 172 NY 176, affd 188 US 691). The latter proceeding is governed by CPLR 7009 (subd [e]) which expressly authorizes the court to admit such accused to bail".

The People contend that in the *Kurlander* case *(supra)* the charge was only grand theft in the second degree and, therefore, the exception in CPL 570.38 of "an offense punishable by death or life imprisonment under the laws of the state in which it was committed" did not apply. However, once the Governor's warrant of extradition to Florida issued, that section was no longer controlling. See the Practice Commentary (McKinney's Cons Laws of NY, Book 11A, CPL 570.38, at 207) by Honorable Joseph W. Bellacosa, which states: "This section authorizes bail for fugitives awaiting the issuance of a Governor's warrant. Bail following the issuance of the warrant and pending disposition of a habeas corpus proceeding is governed by CPLR 7009 (e). (See Matter of Kurlander v. Mark, 78 A.D.2d 588, 432 N.Y.S.2d 287 [4th Dept., 1980])."

In reaching the conclusion that the court had jurisdiction to consider the question of a writ of habeas corpus and the possibility of bail, we do not suggest what the result should be when the court considers the question. We merely determine that the inhibition of CPL 570.38 no longer applies and indicate that the court should proceed under CPLR 7009 (e).

Accordingly, the judgment of the Supreme Court, New York County (Brenda S. Soloff, J.), Criminal Term, Part 70, entered on April 18, 1990, should be reversed, on the law, without costs, and the petition for a writ of habeas corpus and for bail remanded to the Supreme Court for reconsideration of the bail application. The article 78 proceeding brought in this court

seeking the same relief should be dismissed, without costs, in light of the foregoing determination.

Ross, KASSAL and SMITH, JJ., concur.

Judgment, Supreme Court, New York County, entered on April 18, 1990, unanimously reversed, on the law, without costs and without disbursements, and the petition for a writ of habeas corpus and for bail remanded to the Supreme Court for reconsideration of the bail application; and the application for writ of mandamus is dismissed in light of the foregoing determination, without costs and without disbursements.