■ THE PEOPLE OF THE STATE OF NEW YORK, ex rel. LEROY STRACHAN, Appellant, v JOSEPH COLON, as Warden of Manhattan House of Detention, Respondent.—Judgment, Supreme Court, New York County (Brenda Soloff, J.), entered May 8, 1990, which dismissed petitioner's writ of habeas corpus, denied him an evidentiary hearing, and remanded petitioner to the custody of the New York City Department of Correction to be extradited to Florida, unanimously affirmed, without costs.

On November 1, 1946, Police Officer John Milledge was shot to death while on duty in Miami, Florida. Although petitioner immediately became a suspect and the police had information that petitioner had fled to New York, the police made no effort to locate petitioner during the initial investigation.

On November 2, 1946, petitioner, who was then 17 years old, moved to New York to reside with his father. Since then, petitioner has lived openly and notoriously under his true name in New York. Furthermore, he has returned to Miami to visit relatives on numerous occasions.

In July 1989, the investigation into the death of Officer Milledge was reopened after a woman called the Miami police with information about the murder. The police located petitioner in New York and petitioner gave a written statement admitting that he shot Officer Milledge and left Miami the next day.

On February 15, 1990, petitioner was arrested in New York

upon a fugitive warrant and held without bail. On March 21, 1990, the Florida Grand Jury indicted petitioner with a single count of murder in the first degree. Before the Governor of New York received the requested warrant from the Governor of Florida and before the Governor of New York issued a rendition warrant, petitioner sought a writ of habeas corpus, which was denied as premature as was his application for bail, and this court refused to overturn this determination. (M-1331.)

On April 2, 1990, the Governor of New York signed a rendition warrant. Petitioner was arraigned on the Governor's warrant on April 16, 1990, and at that time filed a writ of habeas corpus seeking his release, and also sought release on bail pending determination of the writ. The writ and the bail application were denied on the ground of lack of jurisdiction or the authority of the court to grant relief. This court reversed the summary denial of the writ and bail, finding that habeas corpus relief and bail following the issuance of a rendition warrant is governed by CPLR 7009 (e) and that the court therefore had jurisdiction to consider the petition on the merits. We remanded the matter to the Supreme Court for a determination on the merits. (157 AD2d 122.) The Supreme Court then considered the petition on the merits and in an order dated May 8, 1990, dismissed the petition for a writ of habeas corpus and denied petitioner an evidentiary hearing on the issue of whether the State of Florida was guilty of laches.

In dismissing the petition, the court correctly held that petitioner's allegations that Florida's unreasonable delay in prosecuting him denied him due process of law could not be raised within the limited scope of the extradition proceeding and were instead claims of constitutional violations which can only be resolved by the demanding State. Whereas petitioner argues that his due process allegations present "the most unusual circumstances" referred to by the Court of Appeals in *People ex rel. Little v Ciuros* (44 NY2d 825, 826) as grounds for preventing extradition, the court correctly rejected this argument since petitioner failed to submit factual affidavits reflecting clear evidence that gross irreparable harm would result if the petition were denied and did not persuasively demonstrate that he would not be able to seek redress in the Florida courts *(People ex rel. Little v Ciuros,* 44 NY2d, *supra,* at 827).

In addition, there is no merit to petitioner's claim that he is not a "fugitive from justice". First, petitioner suggests that since there were no formal charges brought against him for almost 44 years he could not be a fugitive from justice.

However, all that is necessary to be a fugitive from justice as that term is meant in the phrase "who shall flee from Justice" in article IV, § 2, clause (2) of the US Constitution is that once the person is suspected of having committed a crime in the demanding State, he is found in another State *(Hogan v O'Neill,* 255 US 52, 56 [1921]; *Roberts v Reilly,* 116 US 80, 97). Indeed, the Court of Appeals has stated, "[I]n determining the defendant's fugitive status, the only question is whether he was physically present in the demanding State when he allegedly committed the crime" *(People v Hinton,* 40 NY2d 345, 350). Furthermore, petitioner cannot rely on cases where the question of a defendant's fugitive status is specifically related to his speedy trial claims. In contrast to extradition cases, a defendant's attempt to avoid apprehension or the efforts made by the People to locate or prosecute a defendant are relevant where speedy trial claims are raised as a basis for a habeas corpus petition. (CPL 30.30 [4] [c]; *People v Peterson,* 115 AD2d 497.) However, since petitioner's status as a fugitive from justice in the context of an extradition proceeding has nothing to do with his speedy trial claims, the court properly decided that he was not entitled to an evidentiary hearing on the issue of laches and properly dismissed his petition. Concur—Kupferman, J. P., Milonas, Ellerin, Wallach and Rubin, JJ.