Edward S. Conway, J.
This, is a habeas corpus proceeding in which the petitioner Norman Henry Turner, the Official Solicitor to the Supreme Court of Judicature of England, by Ronald Walter Aubrey Carr, Executive Officer of the Official *694 Solicitor’s Department as guardian ad litem of the minor Penelope Ann Ratnoff by order of appointment by the High Court of Justice of England, seeks an order of this court granting custody of said infant to the petitioner Turner in furtherance of the order of the High Court of Justice of England.
The petitioner Ratnoff is the father of the infant.
The petition alleges that on the 7th day of June, 1973 petitioner Ratnoff obtained an originating summons in the High Court of Justice, Eamily Division, Principal Registry in England, which summons was filed on that day and which filing, according to English law, automatically made the infant Penelope Ann Ratnoff a ward of the High Court of Justice, England. Pursuant to the rules of the High Court, application was made for confirmation of the wardship, which was granted and pursuant to which an order was dated and entered the 12th day of June, 1973, which order confirmed the continuing wardship of the Official Solicitor and made the minor a defendant in the proceedings and ordered the respondent Susan Honor Ratnoff, the mother of the child, to return the minor to the jurisdiction of the court and into the care and control of the Official Solicitor. The petition alleges that the orders of the High Court in England were granted pursuant to section 9 of the Guardianship of Minors Act of 1971 of England.
The petitioner Ratnoff and respondent Ratnoff were married on March 10,1972 in London, England, and the infant was born on April 20, 1972 in the United Kingdom and she is the sole issue of the marriage. The respondent is a citizen of the United Kingdom. Petitioner Ratnoff is a United States citizen but a resident of the United Kingdom, and in July of 1972 abandoned his United States domicile and adopted the United Kingdom as his domicile of choice. The infant was born in the United Kingdom of a United Kingdom citizen mother and a United States citizen father.
The respondent Ratnoff and petitioner Ratnoff lived together as husband and wife until December 5, 1972 when respondent left the petitioner. She returned to her husband in March, 1973 and again left him on May 31,1973 when she took the infant and came to the United States and now lives in Columbia County, New York.
The petitioner contends that the High Court of Justice of England had jurisdiction over the parties herein since the respondent was a citizen of the United Kingdom and the infant child was a citizen of the United Kingdom and the marital res ■ is in England. Petitioner further contends that the infant, the *695 ward of the petitioner Turner, was removed from the continental limits of England by the respondent herein and taken to the United States and that the said infant is wrongfully restrained and detained from petitioners and against petitioners’ wishes and in violation of the orders of the High Court of Justice of England.
Petitioners do not allege that the English court obtained personal jurisdiction over the respondent by any authorized method of service.
Respondent relies upon the decision of the Supreme Court of the United States in May v. Anderson (345 U. S. 528), to challenge the validity of the order of the High Court of Justice, England, confirming continuing wardship of the Official Solicitor of the minor and making the minor a defendant in the proceeding and ordering the respondent to return the minor to the jurisdiction of the court and into the care and control of the Official Solicitor.
The Supreme Court of the United States stated (p. 528):
1 ‘ The question presented is whether, in a habeas corpus proceeding attacking the right of a mother to retain possession of her minor children, an Ohio court must give full faith and credit to a Wisconsin decree awarding custody of the children to their father when that decree is obtained by the father in an ex parte divorce action in a Wisconsin court which had no personal jurisdiction over the mother. For the reasons hereafter stated, our answer is no. * * *
‘ ‘ The parties were married in Wisconsin and, until 1947, both were domiciled there. After marital troubles developed, they agreed in December, 1946, that appellant should take their children to Lisbon, Columbiana County, Ohio, and there think over her future course. By New Tear’s Day, she had decided not to return to Wisconsin and, by telephone, she informed her husband of that decision.
“ Within a few days he filed suit in Wisconsin, seeking both an absolute divorce and custody of the children. The only service of process upon appellant consisted of the delivery to her personally, in Ohio, of a copy of the Wisconsin summons and petition. Such service is authorized by a Wisconsin statute for use in an action for a divorce but that statute makes no mention of its availability in a proceeding for the custody of children. Appellant entered no appearance and took no part in this Wisconsin proceeding which produced not only a decree divorcing the parties from the bonds of matrimony but a decree purporting to award the custody of the children to their father, *696 subject to a right of their mother to visit them at reasonable times. Appellant contests only the validity of the decree as to custody. * * *
“ Separated as our issue is from that of the future interests of the children, we have before us the elemental question whether a court of a state, where a mother is neither domiciled, resident nor present, may cut off her immediate right to the care, custody, management and companionship of her minor children without having jurisdiction over her in personam. Rights far more precious to appellant than property rights * * *
“ [I]t is now too well settled to be open to further dispute that the ‘ full faith and credit ’ clause and the act of Congress passed pursuant to it do not entitle a judgment in personam to extra-territorial effect if it be made to appear that it was rendered without jurisdiction over the person sought to be bound. * * *
“ In the instant case, we recognize that a mother’s right to custody of her children is a personal right entitled to at least as much protection as her right to alimony. * * * "
“We find it unnecessary to determine the children’s legal domicile because, even if it be with their father, that does not give Wisconsin, certainly as against Ohio, the personal jurisdiction that it must have in order to deprive their mother of her personal right to their immediate possession.”
It is the opinion of this court that the courts of this State will not give foreign judgments, decrees or orders more enforceability by ‘ ‘ comity ’ ’ than they will to judgments, decrees or orders of a sister State under the constitutional requirements of ‘ ‘ full faith and credit ’ ’ under section 1 of article IV of the Constitution of the United States.
It is therefore the opinion of this court that the writ of habeas corpus should be denied.
The attorneys for respondent are directed to submit an order consistent herewith and said order shall contain a provision restraining the respondent from leaving the jurisdiction of the Third Judicial District of this court or from taking the infant from said district during the pendency of any appeal that may be taken from this order, or until the further order of this court.